```
                    UNITED STATES DISTRICT COURT

                   EASTERN DISTRICT OF CALIFORNIA

                           ----oo0oo----
```

| | |
|---|---|
| AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M., | |
| | NO. CIV. S-05-0909 FCD DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER (DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES) |
| LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES, | |
| Defendants. | |

```
                           ----oo0oo----
```

This matter comes before the court on defendant Director of California State Department of Social Service's motion to dismiss plaintiff's[1] first amended complaint[2] ("complaint") pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[3]  For the reasons set forth below,[4] defendant's motions are granted in part and denied in part.

**STANDARD**[5]

**A.   Subject Matter Jurisdiction**

The Eleventh Amendment limits the subject matter jurisdiction of the federal courts.  See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 53-54 (1996).  Lack of subject matter jurisdiction may be asserted by either party or the court,

---

[1] Plaintiff Amy McConnell brings this action on her own behalf and on the behalf of her four minor children.

[2] On June 10, 2005, plaintiff filed the first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 provides that "a party may amend the pleading once as a matter of course at any time before a responsive pleading is served . . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  (emphasis added).  On August 22, 2005, plaintiff filed a second amended complaint without leave of court.  The second amended complaint is stricken, but will be viewed as a *proposed* complaint for the purpose of assessing the plaintiff's ability to allege sufficient and definite facts against defendant should leave be granted.  Therefore, the ruling on defendant's motion to dismiss and motion for a more definite statement addresses the sufficiency of the allegations in plaintiff's first amended complaint only.

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[5] The facts of this case are set out in the order regarding Lassen County et al.'s motions, and are thus not repeated herein.

2

*sua sponte*, at any time during the course of an action. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. See <u>Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.</u>, 907 F.2d 911, 912 (9th Cir. 1990). There are two forms of 12(b)(1) attacks on subject matter jurisdiction: facial and factual attacks. See <u>Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979). In an action such as this, where defendant contends that the lack of federal jurisdiction appears from the "face of the complaint," the allegations in the complaint are taken as true for the purposes of the motion. <u>Id.</u>

**B.   Motion to Dismiss**

On a motion to dismiss, the allegations of the complaint must be accepted as true. <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. <u>Retail Clerks Int'l Ass'n v. Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See <u>id.</u>

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45 (1957); <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th Cir. 1986).

3

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   Eleventh Amendment Immunity**

To the extent plaintiff's § 1983 claim is brought against defendant Director of California State Department of Social Services in his official capacity, that claim is, as a matter of law, asserted against the State of California itself, Brandon v. Holt, 469 U.S. 464, 471-72 (1985), and therefore is generally barred on Eleventh Amendment immunity grounds. See Dittman v. California, 191 F.3d 1020, 1026 (9th Cir. 1999) ("The Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court.") (citations omitted). Absent a waiver by the state or a valid congressional override, "[u]nder the eleventh amendment, agencies of the state are immune from private damage actions . . . brought

4

1  in federal court." Id. at 1025 (quoting Mitchell v. Los Angeles
2  Cmty. Coll. Dist., 861 F.2d 198, 201 (9th Cir. 1989)).
3  Accordingly, defendant's motion to dismiss plaintiff's § 1983
4  claim as to defendant Director of California State Department of
5  Social Services in his official capacity is GRANTED with
6  prejudice.
7      Plaintiff contends that she has sued defendant Director of
8  Department of Social Services in his personal capacity.  The
9  caption of this action does not indicate whether defendant is
10 sued in his personal or official capacity.  The Ninth Circuit has
11 created a presumption that "officials necessarily are sued in
12 their personal capacities where those officials are named in a
13 complaint, even if the complaint does not explicitly mention the
14 capacity in which they are sued." Romano v. Bible, 169 F.3d
15 1182, 1186 (9th Cir. 1999) (citing Shoshone-Bannock Tribes v.
16 Fish & Game Comm'n, 42 F.3d 1278, 1284 (9th Cir. 1994); Cerrato
17 v. San Francisco Community College Dist., 26 F.3d 968, 973 n. 16
18 (9th Cir. 1994)).  Therefore, to the extent that defendant is
19 sued in his personal capacity, the Eleventh Amendment poses no
20 bar to plaintiff's action and defendant's motion is DENIED.
21 **B.   Absolute Immunity**
22     Defendant Director of California State Department of Social
23 Services argues that he is entitled to absolute immunity from the
24 federal civil rights allegations.  State executive branch
25 officials charged with constitutional violations are entitled to
26 absolute immunity under certain limited circumstances. Mishler
27 v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999) (citing Buckley v.
28 Fitzsimmons, 509 U.S. 259, 268 (1993)).  "It is well settled that

5

judges and prosecutors are entitled to absolute immunity." Id. at 1003. State actors are granted absolute immunity when performing functions analogous to judges or prosecutors. Butz v. Economou, 438 U.S. 478, 514-15 (1978); Romano, 269 F.3d at 1186. In evaluating whether an official is entitled to absolute immunity, the court must look to "the nature of the function performed, not the identity of the actor who performed it." Romano, 269 F.3d at 1186. Prosecutors are entitled to absolute immunity when performing activities closely associated with the judicial process. Id. (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). "Quasi-prosecutorial immunity, however, does not attach to administrative or investigatory acts by prosecutors unrelated to their preparation for and initiation of prosecution." Id. Unless the state actor's activity has the requisite connection to the judicial process, only qualified immunity is available. See Miller v. Gammie, 335 F.3d 889, 896 (9th Cir. 2003); Meyers v. Contra Costa County Dept. of Soc. Servs., 812 F.3d 1154, 1158 (9th Cir. 1987). "The presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n. 4 (1993).

Plaintiff alleges that defendant failed to act after finding violations of law by Lassen County CPS. To the extent that these allegations implicate defendant's discretionary decision not to adjudicate claims against Lassen County in judicial or quasi-judicial proceedings, defendant is entitled to absolute immunity and defendant's motion is GRANTED with prejudice. See Butz v. Economou, 438 U.S. 478, 515 (1978) ("An agency official, like a

6

1 prosecutor, may have broad discretion in deciding whether a
2 proceeding should be brought and what sanctions should be
3 sought.")

4 However, it is unclear from the face of the complaint that
5 defendant's alleged acts and omissions may only be interpreted as
6 discretionary decisions closely associated with the judicial
7 process.  Government officials are not protected by absolute
8 immunity when their actions are regulatory in nature, not
9 adversarial.  See Schlegel v. Bebout, 841 F.2d 937, 944 (9th Cir.
10 1988) (holding that the Oregon Public Utilities Commissioner was
11 not entitled to absolute immunity for actions done to ensure
12 compliance with procedures).  On a motion to dismiss, the court
13 must read the complaint in the light most favorable to the
14 plaintiff.  The allegations in the complaint against defendant
15 *may* implicate actions associated with ensuring compliance, not in
16 preparation for an adversarial proceeding.  Therefore, the
17 actions alleged in the complaint may not be quasi-judicial in
18 nature.  See id.  Thus, to the extent that the complaint alleges
19 acts or failures to act that are regulatory in nature, defendant
20 Director of Department of Social Services is not entitled to
21 absolute prosecutorial immunity and defendant's motion is DENIED.

22 **C.   Section 1983 Claims**

23 Defendant contends that plaintiff fails to state sufficient
24 allegations to support a § 1983 claim.  To state a claim under
25 § 1983, plaintiff must plead that (1) defendant acted under color
26 of state law, and (2) defendant deprived plaintiff of rights
27 secured by the Constitution or federal statutes.  Gibson v. U.S.,
28 781 F.2d 1334, 1338 (9th Cir. 1986).

1    Plaintiff's complaint must allege a causal connection
2 between personal conduct by defendant Director of Department of
3 Social Services and the alleged constitutional violation.  See
4 Mabe v. San Bernardino County, 237 F.3d 1101, 1109 (9th Cir.
5 2001).  "The Supreme Court has concluded that in enacting section
6 1983 Congress did not intend to 'impose liability vicariously on
7 [employers or supervisors] solely on the basis of the existence
8 of an employer-employee relationship with the tortfeasor.'"  Id.
9 (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692
10 (1978)).  To be liable under § 1983, a defendant must subject the
11 plaintiff to the deprivation of a constitutional right through an
12 affirmative act or an omission to perform an act which he is
13 legally required to perform.  Johnson v. Duffy, 588 F.2d 740, 743
14 (9th Cir. 1978).  "The requisite causal connection can be
15 established not only by some kind of direct personal
16 participation in the deprivation, but also by setting in motion a
17 series of acts by others which the actor knows or reasonably
18 should know would cause others to inflict the constitutional
19 injury."  Id. at 743-44.

20    Plaintiff alleges that defendant acted with deliberate
21 indifference in the delegation of duties to Lassen County.
22 Defendant asserts that he cannot be liable for this delegation
23 because, as a matter of law, the legislature, not defendant,
24 delegated the duty to Lassen County.  The California Welfare and
25 Institution Code provides that the "administration of public
26 social services in each of the several counties of the state is
27 hereby declared to be a county function."  Cal. Welf. & Inst.
28 Code § 10800 (West 2005).  Therefore, the delegation of duties to

Lassen County is not an act of defendant and he is not liable for constitutional violations arising therefrom. Defendant's motion as to this allegation is therefore GRANTED.

**D.   State Law Claims**

Government Code § 820.2 provides immunity to a public employee for injuries resulting form "his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2 (West 2005). Generally, "a discretionary act is one which requires the exercise of judgment or choice." Kemmerer v. County of Fresno, 200 Cal. App. 3d 1426, 1437 (1988). However, California courts have not set forth a definitive rule which resolve every case. Id. Rather, the California Supreme Court has adopted an analysis that relies on the "policy considerations relevant to the purpose of granting immunity to the governmental agency whose employees act in discretionary capacities." Id. (internal citations omitted).

> Immunity is reserved for those basic policy decisions which have been expressly committed to coordinate branches of government, and as to which judicial interference would thus be 'unseemly.' Such areas of quasi-legislative policy-making are sufficiently sensitive to call for judicial abstention from interference that might even in the first instance affect the coordinate body's decision-making process.

Barner v. Leeds, 24 Cal. 4th 676, 685 (2000).

Plaintiff alleges that defendant promotes a system that has a policy of paying local agencies "to remove children from their families with knowledge that the system was being abused by virtue of this policy." (Pl's 1st Am. Compl. at 11.) On the face of the complaint, plaintiff's allegations assert that this

9

1 is a policy decision.  Moreover, defendant's policy implicates
2 "questions of budgetary and fiscal policy, personnel
3 administration standards, allocation of available resources
4 according to variable priorities of need, and choices between
5 competing plans for accomplishing approved objectives," rendering
6 the policy both political and discretionary.  Taylor v. Buff, 172
7 Cal. App. 3d 384, 390 (1985).  Defendant therefore has immunity
8 for any injuries resulting from his discretionary policy
9 decisions regarding funding of Lassen County CPS.  Defendant's
10 motion is GRANTED with prejudice for any state tort claims
11 arising out of allegations regarding these decisions.

12    Plaintiff also alleges that defendant failed "to carry out
13 to resolution an investigation that clearly indicated that the
14 local Lassen County CPS was not in compliance with the law."
15 (Pl's 1st Am. Compl. at 11.)  The decision whether or not to
16 initiate disciplinary proceedings and what discipline to impose
17 is a discretionary decision.  See Kemmerer, 200 Cal. App. 3d at
18 1438.  "The decision involves the exercise of analysis and
19 judgment as to what is just and proper under the circumstances
20 and is not a purely ministerial act."  Defendant has immunity for
21 any failure to bring the claim "to resolution" under § 820.2.
22 Defendant's motion is GRANTED with prejudice for any state tort
23 claims arising out of allegations regarding these decisions.

24    To the extent that plaintiff may raise claims in a second
25 amended complaint that defendant failed to perform any mandatory
26 duties, § 820.2 does not apply.  Defendant is not immune from
27 claims that allege breach of a mandatory duty under this section.
28 /////

**E.    Compliance with the California Torts Claim Act**

Defendant Director of Department of Social Services alleges that plaintiff's state tort claims should be dismissed because the complaint fails to plead compliance with the California Tort Claims Act. In order to state a tort claim against a public entity, the California Tort Claims Act requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe, 237 F.3d at 1111 (quoting Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470 (9th Cir. 1995)). Plaintiff must present claims to the government entity for money or damages with few exceptions. Cal. Code § 905 (West 2005). Tort claims such as the instant claims for intentional infliction of emotional distress and negligence are not listed among the exceptions to § 905. Moreover, under Government Code § 945.4,

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Cal. Code § 945.4 (West 2005). Finally, under Government Code § 950.2, any suit against a public employee is barred in cases where a plaintiff's action against the agency is barred for failure to present a claim. The 1965 Amendment to § 950.2 makes it clear the "the presentation of a claim to the employing public entity is a prerequisite to suit against an employee." Id.

Plaintiff has the burden of pleading compliance with the California Tort Claims Act in their complaint. Wood v. Riverside General Hospital, 25 Cal. App. 4th 1113, 1119 (1994). Moreover,

11

compliance with the California claims statutes is mandatory. City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974). Federal courts have recognized these requirements. See Ortega v. O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other grounds, 107 S.Ct. 1492 (1987) (failure to comply with claim-filing requirements imposed by California Tort Claims Act bars pendent state claims). Finally, where employees of the agency in question act within their express or implied authority, despite the wrongful nature of their actions, a complaint based on the employees' actions may be properly dismissed for failing to allege proper filing of the claim with the employing government entity. Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

Plaintiff's complaint fails to allege compliance with the California Tort Claim Act procedures. As such, and given that plaintiff has not alleged that defendant acted outside of her express or implied authority, defendant's motion to dismiss as to plaintiff's claims of intentional infliction of emotional distress and negligence is GRANTED.

**D.   Leave to Amend**

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997). Plaintiff's second amended complaint demonstrates her ability to allege further facts with greater specificity as they relate to this matter. Therefore, justice requires that plaintiff be granted leave to amend the first amended complaint.

**CONCLUSION**

For the foregoing reasons, defendant Director of California State Department of Social Services' motions are DENIED in part and GRANTED in part. Because plaintiff has demonstrated the possible ability to plead sufficient and definite allegations against defendant Director of California State Department of Social Services in the *proposed* second amended complaint, plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: September 20, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE