UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES,<br><br>    Defendants. | NO. CIV. S-05-0909 FCD DAD<br><br>MEMORANDUM AND ORDER<br>(Board of Supervisors) |

----oo0oo----

This matter comes before the court on defendants James Chapman, Bob Pyle, Lloyd Keifer, Brian Dahle, and Jack Hanson's (Board of Supervisors) motion to dismiss Amy McConnell (plaintiff)[1] first amended complaint[2] ("Pl's 1st Am. Cmpl.", filed June 10, 2005.) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

## STANDARD[4]

On a motion to dismiss, the allegations of the complaint must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322 (1972). The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff

/////

---

[1] Plaintiff Amy McConnell brings this action on her own behalf and on the behalf of her four minor children.

[2] On June 10, 2005, plaintiff filed the first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Rule 15 provides that "a party may amend the pleading once as a matter of course at any time before a responsive pleading is served . . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." (emphasis added). On August 22, 2005, plaintiff filed a second amended complaint without leave of court. The second amended complaint is stricken, but will be viewed as a *proposed* complaint for the purpose of assessing the plaintiff's ability to allege sufficient and definite facts against defendants should leave be granted. Therefore, the ruling on defendants' motion to dismiss addresses the sufficiency of the allegations in plaintiff's first amended complaint only.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[4] The facts of this case are set out in the order regarding Lassen County et al.'s motions, and are thus not repeated herein.

need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged. See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant ha[s] violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).

**ANALYSIS**

**A.   Section 1983 Claims**

The Board of Supervisors asserts that it has absolute immunity from civil liability under Section 1983. Specifically, it argues that the failure to train, hire, and correct problems

3

within CPS, is a legislative decision under which it is absolutely immune.

"Local legislators are entitled to the same absolute immunity from civil liability under section 1983 for their legislative activities as has long been accorded to federal, state, and regional legislators." Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998). However, "[a]bsolute immunity applies only when legislators act in their legislative capacities, not in their administrative or executive capacities." Chateaubriand v. Gaspard, 97 F.3d 1218, 1220 (9th. Cir. 1996). "Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." Kaahumanu v. County of Maui, 315 F.3d 1215, 1219 (9th Cir. 2003).

The Ninth Circuit has set out a four factor analysis for determining whether an act is legislative for the purposes of establishing absolute immunity. See id. at 1220. The court must consider:

> "(1) whether the act involves ad hoc decisionmaking, or the formulation of policy; (2) whether the act applies to a few individuals, or to the public at large; (3) whether the act is formally legislative in character; and (4) whether it bears all the hallmarks of traditional legislation."

Id. at 1220 (internal citations and quotations omitted). "The Supreme Court has generally been quite sparing in its recognition of claims to absolute official immunity." Id. at 1219-20 (internal quotations omitted).

The facts alleged against the Board of Supervisors in the complaint do not clearly amount to a legislative act under this four factor analysis. See Thomas v. Baca, 2005 WL 1030247, at 4 (C.D.Cal., 2005) (finding the court did not have enough

4

1 information to determine whether the failure of the Board of
2 Supervisors to adequately supervise was a legislative act when
3 deciding a motion to dismiss).  The court must read the complaint
4 in the light most favorable to the plaintiff.  On the face of the
5 complaint, it is not clear whether the Board's alleged failures
6 to act were legislative acts for the purposes of absolute
7 immunity.  Specifically, it is possible that the Board of
8 Supervisors' actions are not "formally legislative in character"
9 and do not bear "all the hallmarks of traditional legislation."
10 See Kaahumanu, 315 F.3d at 1220.  Therefore, because the
11 defendants' actions may not be legislative acts, the Board of
12 Supervisors' motion is DENIED.

**B.   State Law Claims**

14     Government Code § 820.2 provides immunity to a public
15 employee for injuries resulting from "his act or omission where
16 the act or omission was the result of the exercise of the
17 discretion vested in him, whether or not such discretion be
18 abused."  Cal. Gov't Code § 820.2 (West 2005).  Generally, "a
19 discretionary act is one which requires the exercise of judgment
20 or choice."  Kemmerer v. County of Fresno, 200 Cal. App. 3d 1426,
21 1437 (1988).  However, California courts have not set forth a
22 definitive rule which resolve every case.  Id.  Rather, the
23 California Supreme Court has adopted an analysis that relies on
24 the "policy considerations relevant to the purpose of granting
25 immunity to the governmental agency whose employees act in
26 discretionary capacities."  Id. (internal citations omitted).

27     Immunity is reserved for those <u>basic policy decisions</u>
    which have been expressly committed to coordinate
28     branches of government, and as to which judicial

>     interference would thus be 'unseemly.' Such areas of
>     quasi-legislative policy-making are sufficiently
>     sensitive to call for judicial abstention from
>     interference that might even in the first instance
>     affect the coordinate body's decision-making process.

Barner v. Leeds, 24 Cal. 4th 676, 685 (2000).

Plaintiff alleges that the Board of Supervisors of Lassen County failed and refused to remedy known violations, and inadequately trained and staffed Lassen County CPS. (Pl's 1st Am. Cmpl. at 6.) "A decision involving the allocation of limited funds is purely a discretionary one." Taylor v. Buff, 172 Cal. App. 3d 384, 390 (1985) (finding that the Chairman of the Board of Supervisor's decision to not allocate funds for an improved security system in the county jail was a discretionary act). Thus, the Board's decisions regarding allocation of resources are entitled to immunity. The Board of Supervisor's motion to dismiss is GRANTED with prejudice for any state law claims arising out of allegations regarding these decisions.

**C.   Compliance With the California Tort Claims Act**

The Board of Supervisors alleges that plaintiff's state tort claims should be dismissed because the complaint fails to plead compliance with the California Tort Claims Act. In order to state a tort claim against a public entity, the California Tort Claims Act requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe, 237 F.3d at 1111 (quoting Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470 (9th Cir. 1995)). Plaintiff must present claims to the government entity for money or damages with few exceptions. Cal. Code § 905 (West 2005). Tort claims such as the instant claims for intentional infliction of emotional distress and negligence

6

are not listed among the exceptions to § 905.  Moreover, under Government Code § 945.4,

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Cal. Code § 945.4 (West 2005).  Finally, under Government Code § 950.2, any suit against a public employee is barred in cases where a plaintiff's action against the agency is barred for failure to present a claim.  The 1965 Amendment to § 950.2 makes it clear the "the presentation of a claim to the employing public entity is a prerequisite to suit against an employee."  Id.

   Plaintiff has the burden of pleading compliance with the California Tort Claims Act in their complaint.  Wood v. Riverside General Hospital, 25 Cal. App. 4th 1113, 1119 (1994).  Moreover, compliance with the California claims statutes is mandatory.  City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974).  Federal courts have recognized these requirements.  See Ortega v. O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other grounds, 107 S.Ct. 1492 (1987) (failure to comply with claim-filing requirements imposed by California Tort Claims Act bars pendent state claims).  Finally, where employees of the agency in question act within their express or implied authority, despite the wrongful nature of their actions, a complaint based on the employees' actions may be properly dismissed for failing to allege proper filing of the claim with the employing government entity.  Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

1 Plaintiff's complaint fails to allege compliance with the
2 California Tort Claim Act procedures.  As such, and given that
3 plaintiff has not alleged that the Board of Supervisors acted
4 outside of its express or implied authority, the Board of
5 Supervisors' motion to dismiss as to plaintiff's claims of
6 intentional infliction of emotional distress and negligence is
7 GRANTED.

**D.   Leave to Amend**

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay."  Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).  Plaintiff's second amended complaint demonstrates her ability to allege further facts with greater specificity as they relate to this matter.  Therefore, justice requires that plaintiff be granted leave to amend the first amended complaint.

**CONCLUSION**

For the foregoing reasons, the Board of Supervisor's motions are DENIED in part and GRANTED in part.  Because plaintiff has demonstrated the possible ability to plead sufficient and definite allegations against the Board of Supervisors in the *proposed* second amended complaint, plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order.  The Board of

/////
/////
/////

8

Supervisors are granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: September 20, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE