UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,<br><br>         Plaintiffs,<br><br>    v.<br><br>LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES,<br><br>         Defendants. | NO. CIV. S-05-0909 FCD DAD<br><br><u>MEMORANDUM AND ORDER</u><br>(MARGARET CROSBY) |

----oo0oo----

This matter comes before the court on defendant Margaret Crosby's motion to dismiss plaintiff's[1] first amended complaint[2] ("complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[3] and motion for a more definite statement pursuant to Rule 12(e).  For the reasons set forth below,[4] defendant's motions are granted without prejudice.

## STANDARD[5]

**A.   Motion to Dismiss**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded"

---

[1] Plaintiff Amy McConnell brings this action on her own behalf and on the behalf of her four minor children.

[2] On June 10, 2005, plaintiff filed the first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 provides that "a party may amend the pleading <u>once</u> as a matter of course at any time before a responsive pleading is served . . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  (emphasis added).  On August 22, 2005, plaintiff filed a second amended complaint without leave of court.  The second amended complaint is stricken, but will be viewed as a *proposed* complaint for the purpose of assessing the plaintiff's ability to allege sufficient and definite facts against defendant should leave be granted.  Therefore, the ruling on defendant's motion to dismiss and motion for a more definite statement addresses the sufficiency of the allegations in plaintiff's first amended complaint only.

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[5] The facts of this case are set out in the order regarding Lassen County et al.'s motions to dismiss and for a more definite statement and are thus not repeated herein.

1 allegations of the complaint. <u>Retail Clerks Int'l Ass'n v.
2 Schermerhorn</u>, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff
3 need not necessarily plead a particular fact if that fact is a
4 reasonable inference from facts properly alleged.  <u>See</u> <u>id.</u>
5      Given that the complaint is construed favorably to the
6 pleader, the court may not dismiss the complaint for failure to
7 state a claim unless it appears beyond a doubt that the plaintiff
8 can prove no set of facts in support of the claim which would
9 entitle him or her to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45
10 (1957); <u>NL Industries, Inc. v. Kaplan</u>, 792 F.2d 896, 898 (9th
11  Cir. 1986).
12      Nevertheless, it is inappropriate to assume that plaintiff
13 "can prove facts which it has not alleged or that the defendant[]
14 ha[s] violated the . . . laws in ways that have not been
15 alleged."  <u>Associated Gen. Contractors of Calif., Inc. v. Cal.
16 State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Moreover,
17 the court "need not assume the truth of legal conclusions cast in
18 the form of factual allegations."  <u>United States ex rel. Chunie
19 v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).
20      In ruling upon a motion to dismiss, the court may consider
21 only the complaint, any exhibits thereto, and matters which may
22 be judicially noticed pursuant to Federal Rule of Evidence 201.
23 <u>See</u> <u>Mir v. Little Co. of Mary Hospital</u>, 844 F.2d 646, 649 (9th
24 Cir. 1988); <u>Isuzu Motors Ltd. v. Consumers Union of United
25 States, Inc.</u>, 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).
26 **B.   Motion for a More Definite Statement**
27      A motion for a more definite statement should not be granted
28 unless a pleading is "so vague or ambiguous that a party cannot

3

reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  This liberal standard is consistent with Fed. R. Civ. P. 8(a)(2) which allows pleadings that contain a "short and plain statement of the claim."  The Rules anticipate that the parties will familiarize themselves with the claims and ultimate facts through the discovery process.  See <u>Famolare, Inc. v. Edison Brothers Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981).  Indeed, "where the information sought by the moving party is available and/or properly sought through discovery, the motion should be denied."  <u>Id.</u>

**ANALYSIS**

**A.   Section 1983 Claim**

Defendant contends that plaintiff fails to state sufficient allegations to support a § 1983 claim.  To state a claim under § 1983, plaintiff must plead that (1) defendant acted under color of state law, and (2) defendant deprived plaintiff of rights secured by the Constitution or federal statutes.  <u>Gibson v. U.S.</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's allegations against defendant Crosby are so vague that defendant cannot reasonably be required to frame a responsive pleading.  Plaintiff asserts that all named defendants participated in violating the rights guaranteed by the Fourth Amendment and the Fourteenth Amendment.  (Pl's Opp'n, filed August, 22, 2005, at 3; Pl's Compl., filed June 10, 2005, at 7-10).  Throughout the complaint, plaintiff refers to the named defendants collectively.  The only specific allegation that plaintiff offers against defendant Crosby is that, as the Director of CPS, she

4

1
2
3
4
>caused turmoil in the CPS staff . . . , refused to respond to requests for more staff, better trained staff and more money allocated for the care of the children in the custody of CPS, . . . and acted with deliberate indifference to the care and custody of the children under her supervision.

(Pl's Compl., filed June 10, 2005, at ¶ 36). Due to the collective designation of all defendants in the allegations of the complaint, it is impossible to distinguish the specific actions alleged against defendant Crosby from those of the other named defendants. See Vance v. County of Santa Clara, 928 F. Supp. 993, 996-97 (N.D. Cal. 1996) (finding that the plaintiff's § 1983 claim was "sorely lacking in specificity" where complaint failed "to spell out any factual allegations as to specific incidents . . . chargeable to any of the individual defendants"); Rice v. Comtek Mfg. of Oregon, Inc., 766 F. Supp. 1539, 1541-42 (D. Or. 1990) (dismissing plaintiff's tort claim where complaint did not allege actions by specific defendants).

Plaintiff's complaint must allege a causal connection between personal conduct by the supervisor Crosby and the alleged constitutional violation. See Mabe v. San Bernardino County, 237 F.3d 1101, 1109 (9th Cir. 2001). "The Supreme Court has concluded that in enacting section 1983 Congress did not intend to 'impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with the tortfeasor.'" Id. (quoting Monell v. Dept. of Social Services, 436 U.S. 658, 692 (1978)). Because plaintiff has not alleged any specific personal conduct by defendant Crosby connected to the alleged Fourth and Fourteenth Amendment
/////

violations, defendant Crosby's motion with respect to plaintiff's § 1983 claims is GRANTED.

**B.   State Law Claims**

Plaintiff's state law claims for intentional infliction of emotional distress and negligence fail for the same reasons as plaintiff's § 1983 claims.  The complaint is vague as to any duty owed by defendant Crosby and as to any acts or omissions by defendant Crosby that caused injury to plaintiff.[6]  Defendant Crosby's motion with respect to plaintiff's state law claims is GRANTED.

**C.   Compliance with the California Torts Claim Act**

Defendant Crosby alleges that plaintiff's state tort claims should be dismissed because the complaint fails to plead compliance with the California Tort Claims Act.  In order to state a tort claim against a public entity, the California Tort Claims Act requires "the timely presentation of a written claim and the rejection of the claim in whole or in part."  Mabe, 237 F.3d at 1111 (quoting Mangold v. California Pub. Util. Comm'n, 67 F.3d 1470 (9th Cir. 1995)).  Plaintiff must present claims to the government entity for money or damages with few exceptions. Cal. Code § 905 (West 2005).   Tort claims such as the instant claims for intentional infliction of emotional distress and negligence

/////

---

[6] Defendant raises an immunity argument under §§ 820.2 and 821 of the California Government Code for the first time in her reply to plaintiff's opposition.  Because plaintiff has not had a reasonable opportunity to respond to these arguments and because plaintiff is given leave to amend to clarify what specific claims she is making against defendant Crosby, the court does not reach the immunity claims on this motion.

1 are not listed among the exceptions to § 905.  Moreover, under
2 Government Code § 945.4,

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

Cal. Code § 945.4 (West 2005).  Finally, under Government Code § 950.2, any suit against a public employee is barred in cases where a plaintiff's action against the agency is barred for failure to present a claim.  The 1965 Amendment to § 950.2 makes it clear the "the presentation of a claim to the employing public entity is a prerequisite to suit against an employee."  Id.

Plaintiff has the burden of pleading compliance with the California Tort Claims Act in her complaint.  Wood v. Riverside General Hospital, 25 Cal. App. 4th 1113, 1119 (1994).  Moreover, compliance with the California claims statutes is mandatory. City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974). Federal courts have recognized these requirements.  See Ortega v. O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other grounds, 107 S.Ct. 1492 (1987) (failure to comply with claim-filing requirements imposed by California Tort Claims Act bars pendent state claims).  Finally, where employees of the agency in question act within their express or implied authority, despite the wrongful nature of their actions, a complaint based on the employees' actions may be properly dismissed for failing to allege proper filing of the claim with the employing government entity.  Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

7

Plaintiff's complaint fails to allege compliance with the California Tort Claim Act procedures. As such, and given that plaintiff has not alleged that defendant Crosby acted outside of her express or implied authority, defendant's motion to dismiss as to plaintiff's claims of intentional infliction of emotional distress and negligence is GRANTED.

**D.   Leave to Amend**

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires." "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997). Plaintiff's second amended complaint demonstrates her ability to allege further facts with greater specificity as they relate to this matter. Therefore, justice requires that plaintiff be granted leave to amend the first amended complaint.

**CONCLUSION**

For the foregoing reasons, defendant Crosby's motions are GRANTED without prejudice. Because plaintiff has demonstrated the possible ability to plead sufficient and definite allegations against defendant Crosby in the *proposed* second amended complaint, plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendants are granted thirty (30) days from

/////
/////
/////
/////

8

1  the date of service of plaintiff's second amended complaint to
2  file a response thereto.
3      IT IS SO ORDERED.
4  DATED: September 20, 2005

                                   /s/ Frank C. Damrell Jr.
                                   FRANK C. DAMRELL, Jr.
                                   UNITED STATES DISTRICT JUDGE