UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,

    Plaintiffs,

  v.

LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES,

    Defendants.

NO. CIV. S-05-0909 FCD DAD

MEMORANDUM AND ORDER
(LASSEN COUNTY et al.)

----oo0oo----

This matter comes before the court on defendants Lassen County, Loel Griffith, and Terry Chapman's motion to dismiss

plaintiff's[1] first amended complaint[2] ("complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure[3] and motion for a more definite statement pursuant to Rule 12(e).  For the reasons set forth below,[4] defendants' motions are denied in part and granted in part.

## BACKGROUND[5]

Plaintiff Amy McConnell and her husband James McConnell lived in Susanville, California with her four minor children. (Pl's 1st Am. Compl. at 3.)  On May 5, 2003, plaintiff left her four children at the home with her husband while she went to pay a bill at the gas company.  (Id.)  Plaintiff's engine died while she was at the gas company.  (Id.)  While plaintiff was still

---

[1] Plaintiff Amy McConnell brings this action on her own behalf and on the behalf of her four minor children.

[2] On June 10, 2005, plaintiff filed the first amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.  Rule 15 provides that "a party may amend the pleading once as a matter of course at any time before a responsive pleading is served . . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party."  (emphasis added).  On August 22, 2005, plaintiff filed a second amended complaint without leave of court.  The second amended complaint is stricken, but will be viewed as a *proposed* complaint for the purpose of assessing plaintiff's ability to allege sufficient and definite facts against defendants should leave be granted.  Therefore, the ruling on defendants' motion to dismiss and motion for a more definite statement addresses the sufficiency of the allegations in plaintiff's first amended complaint only.

[3] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[4] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(n).

[5] The background facts are taken primarily from plaintiff's complaint, which is at times inconsistent and incomplete.

2

away, James McConnell left the home to use the phone of a neighbor. (Id.) During the time of James McConnell's absence, three of the children were left alone in the home. Plaintiff's oldest child was at school.[6] (Id.)

The maternal grandfather of the children came to the home and demanded that the children let him in the door. They did so. He thereupon physically removed the children from the home and took them to Lassen County Child Protective Services ("CPS") without authorization by the parents. (Id.) A CPS social worker, defendant Terry Chapman, took custody of the oldest child of plaintiff. (Id.) James McConnell returned home and found that the children were missing. (Id.) Later that afternoon, after searching the neighborhood, James and Amy McConnell heard on a police scanner that the children were at CPS. (Id.)

At CPS, James McConnell accepted responsibility for the children being left home alone, and, stated that he would leave the home if the children would be returned to plaintiff. (Id.) Plaintiff took the childrens' clothing and food to CPS. (Id.) She was not given the opportunity to return home with her children or remove her husband from the home. (Id. at 4.) Plaintiff alleges that there was no claim against her for leaving the children without supervision. (Id.)

The children were taken into custody by CPS and placed in the Environmental Alternatives Foster Family Agency. (Id. at 3-4.) Subsequently, the children were placed in the foster home by Lassen County CPS, where they were repeatedly sexually molested

---

[6] It is unclear from the allegations in the complaint when plaintiff's eldest child left the home and went to school.

3

1  and abused. (Id. at 6.) Defendants failed to provide medical or
2  psychological care to either the plaintiff or the children after
3  these events. (Id.) Defendants also failed and refused to give
4  any regular visitation with the children to plaintiff. (Id.)
5  No investigation or analysis of alternatives was made, such
6  as in-family placement of the children. (Id. at 4.) Lassen
7  County CPS did not prepare a case plan; did not notify the
8  parents of the court hearing regarding the petition for custody
9  of the children; and did not record one visitation to the foster
10 home after the children were placed in the home. (Id. at 4, 6.)
11 The children were subsequently returned to plaintiff without
12 reunification services. (Id. at 6,8.)
13 Plaintiff's complaint, based upon the above allegations,
14 alleges three claims for relief: (1) violation of civil rights
15 under 42 U.S.C. § 1983; (2) intentional infliction of emotional
16 distress under state law; and (3) negligence under state law.
17 (Id. at 7-15.) As to the first claim, plaintiff alleges that
18 defendants deprived plaintiff of due process of law, and the
19 right to be free from unreasonable search and seizure. (Id. at
20 7-9.)

**STANDARDS**

**A.  Motion to Dismiss**

23 On a motion to dismiss, the allegations of the complaint
24 must be accepted as true. Cruz v. Beto, 405 U.S. 319, 322
25 (1972). The court is bound to give plaintiff the benefit of
26 every reasonable inference to be drawn from the "well-pleaded"
27 allegations of the complaint. Retail Clerks Int'l Ass'n v.
28 Schermerhorn, 373 U.S. 746, 753 n.6 (1963). Thus, the plaintiff

need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

In ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  See Mir v. Little Co. of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F.Supp.2d 1035, 1042 (C.D. Cal. 1998).

**B.   Motion for a More Definite Statement**

A motion for a more definite statement should not be granted unless a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  This liberal standard is consistent with Fed. R.

5

Civ. P. 8(a)(2) which allows pleadings that contain a "short and plain statement of the claim." The Rules anticipate that the parties will familiarize themselves with the claims and ultimate facts through the discovery process. See Famolare, Inc. v. Edison Brothers Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981). Indeed, "where the information sought by the moving party is available and/or properly sought through discovery, the motion should be denied." Id.

**ANALYSIS**

**A.   Compliance with the California Torts Claim Act**

Defendants allege that plaintiff's state tort claims should be dismissed because the complaint fails to plead compliance with the California Tort Claims Act. In order to state a tort claim against a public entity, the California Torts Claim Act requires "the timely presentation of a written claim and the rejection of the claim in whole or in part." Mabe v. San Bernardino County, 237 F.3d 1101, 1111 (9th Cir. 2001) (quoting Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470 (9th Cir. 1995)). Plaintiff must present claims to the government entity for money or damages with few exceptions. Cal. Code § 905 (West 2005). Tort claims such as the instant claims for intentional infliction of emotional distress and negligence are not listed among the exceptions to § 905. Moreover, under Government Code § 945.4,

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to by presented in accordance with Chapter 1 (commencing with section 900) and Chapter 2 (commencing with section 910) of Part 3 of this division until a written claim therefore has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board.

6

1  Cal. Code § 945.4 (West 2005).  Finally, under Government Code §
2  950.2, any suit against a public employee is barred in cases
3  where a plaintiff's action against the agency is barred for
4  failure to present a claim.  The 1965 Amendment to § 950.2 makes
5  it clear the "the presentation of a claim to the employing public
6  entity is a prerequisite to suit against an employee."  Id.

7       Plaintiff has the burden of pleading compliance with the
8  California Tort Claims Act in her complaint.  Wood v. Riverside
9  General Hospital, 25 Cal. App. 4th 1113, 1119 (1994).  Moreover,
10 compliance with the California claims statutes is mandatory.
11 City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974).
12 Federal courts have recognized these requirements.  See Ortega v.
13 O'Connor, 764 F.2d 701, 707 (9th Cir. 1985), rev'd on other
14 grounds, 107 S.Ct. 1492 (1987) (failure to comply with claim-
15 filing requirements imposed by California Tort Claims Act bars
16 pendent state claims).  Finally, where employees of the agency in
17 question act within their express or implied authority, despite
18 the wrongful nature of their actions, a complaint based on the
19 employees' actions may be properly dismissed for failing to
20 allege proper filing of the claim with the employing government
21 entity.  Neal v. Gatlin, 35 Cal. App. 3d 871, 877-78 (1973).

22      Plaintiff's complaint fails to allege compliance with the
23 California Tort Claim Act procedures.  As such, and given that
24 plaintiff has not alleged that defendants acted outside of their
25 express or implied authority, defendants' motion to dismiss as to
26 plaintiff's claims of intentional infliction of emotional
27 distress and negligence is GRANTED.
28

7

**B.   State Law Claims Against Defendant Griffith**

Defendant Griffith also asserts that the complaint fails to allege facts sufficient to state a claim against her for intentional infliction of emotional distress and negligence. Plaintiff's allegations against defendant Griffith are so vague that defendant cannot reasonably be required to frame a responsive pleading. Plaintiff asserts that all defendants both intentionally inflicted severe emotional distress upon plaintiff and her children, Pl's Compl., filed June 10, 2005, at 10-12, and were negligent in their duties owed to plaintiff and her children, id. at 12-14. Throughout the complaint, plaintiff refers to the named defendants collectively. The only specific allegation that plaintiff offers against defendant Griffith states that "Loel Griffith knew or had reason to know that the foster home and the succession of foster homes chosen for the Plaintiff's minor children were inadequate and not safe." Id. at 5. Due to the collective designation of all defendants in the allegations of the complaint, it is impossible to identify the acts, omissions, duties, or causation elements necessary to allege a tort claim against defendant Griffith. See Vance v. County of Santa Clara, 928 F. Supp. 993, 996-97 (N.D. Cal. 1996) (finding that the plaintiff's § 1983 claim was "sorely lacking in specificity" where complaint failed "to spell out any factual allegations as to specific incidents . . . chargeable to any of the individual defendants"); Rice v. Comtek Mfg. of Oregon, Inc., 766 F. Supp. 1539, 1541-42 (D. Or. 1990) (dismissing plaintiff's tort claim where complaint did not allege actions by specific defendants). Due to the vagueness of the allegations in the

complaint, defendant Griffith's motion with respect to plaintiff's state law claims is GRANTED.

Defendant Griffith alleges that even if the complaint had alleged that she had a duty to inspect the foster home in which the minor children were placed, she would be immune under California Government Code § 821.4. This section of the code does not shield defendant from liability in these circumstances. Section 821.4 grants immunity to public employees who fail to inspect or negligently inspect private property. The public employee is immune from suits subsequently brought by plaintiffs injured by the property. See Clayton v. City of Sunnyvale, 62 Cal. App. 3d 666 (1976) (holding that city and city employees were immune from liability for injury caused by defective flight of stairs that had been inspected by public employees). Plaintiff does not allege that any injury to her or her children was caused by the physical property of the foster home. Therefore, § 821.4 does not grant defendant Griffith immunity from plaintiff's negligence claim.

**C.   Negligence Claim Against Defendant Lassen County**

To bring a tort claim against a government entity in California, liability must be based on statute. County of Los Angeles v. Superior Court, 102 Cal. App. 4th 627, 637 (2002). California Government Code § 815 provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Therefore, "in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to

be liable." County of Los Angeles, 102 Cal. App. 4th at 637 (quoting Becerra v. County of Santa Cruz, 68 Cal. App. 4th 1450, 1457 (1998)).

A public entity may be directly liable for failure to discharge a mandatory duty. Gov. Code § 815.6.

> Government Code § 815.6 contains a three-pronged test for determining whether liability may be imposed on a public entity: (1) an enactment must impose a mandatory, not a discretionary duty; (2) the enactment must intend to protect against the kind of risk of injury suffered by the party asserting section 815.6 as a basis for liability; and (3) breach of the mandatory duty must be a proximate cause of the injury suffered.

County of Los Angeles, 102 Cal. App. 4th at 638-39 (quoting Becerra v. County of Santa Cruz, 68 Cal. App. 4th at 1458). At the pleading stage, it is essential that plaintiff plead the existence of a specific statutory duty, identifying the statute or enactment claimed to establish the duty. Id.

The determination of whether a statute or enactment imposes a mandatory duty is a matter of interpretation for the court. Nunn v. State of California, 35 Cal. 3d 616, 624 (1984) (citing Morris v. County of Marin, 18 Cal. 3d 901, 906, 911 (1977)). "The legislative intent can usually be determined from the statutory language." Id. Where the specific language does not clearly indicate the intent of the Legislature, the court may determine the intent of the Legislature through other factors. Id.

> It is well established that statutes must be given a reasonable construction that conforms to the apparent purpose and intention of the law makers and the various parts of the statutory enactment must be harmonized by considering the particular clause in the context of the whole statute.

10

Id. at 624-25 (internal citations omitted).

### 1. Section 300 *et seq.*

Plaintiff's complaint alleges generally that defendant failed to follow the mandatory requirements of §§ 300 *et seq.* of the California Welfare and Institutions Code. This citation to numerous sections of the code is insufficient to satisfy the pleading requirements when alleging negligence by a government entity. See id.

> Unless the applicable enactment is alleged in *specific* terms, a court cannot determine whether the enactmentrelied upon was intended to impose an obligatory duty to take official action to prevent foreseeable injuries or whether it was merely advisory in character.

Becerra v. County of Santa Cruz, 68 Cal. App. 4th at 1458 (emphasis added). Therefore, defendant Lassen County's motion as to plaintiff's claims for negligence under §§ 300 *et. seq.* is GRANTED.

### 2. Section 16500.5

Plaintiff's complaint also alleges that defendants had mandatory duties under specific provisions of the California Welfare and Institutions Code. Plaintiff alleges that defendant Lassen County had a duty under § 16500.5. Section 16500.5 provides that the Legislature "declare its intent to encourage the continuity of the family unit" by providing family preservation services, supportive services for children, and counseling and family support services. Cal. Welf. & Inst. Code § 16500.5 (West 2005). This declaration of legislative intent does not impose a mandatory duty upon defendant Lassen County.

11

"An enactment does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion." County of Los Angeles, 102 Cal. App. 4th at 639 (citing Wilson v. County of San Diego, 91 Cal. App. 4th 974, 980 (2001)). Section 16500.5 merely sets out the intent of the legislature to encourage the continuity of the family unit by providing support services that the agency must implement through its discretion. Cal. Welf. & Inst. Code § 16500.5. As such, this section does not impose a mandatory duty upon defendant Lassen County. Defendant Lassen County's motion as to plaintiff's claims for negligence under § 16500.5 is GRANTED.

### 3. Sections 16501.1, 309, and 387

Plaintiff alleges that defendants had a duty to prepare a case plan within 60 days for the parents of the minor children pursuant to § 16501.1. This section imposes a duty upon the County "to evaluate the stated criteria prior to making a placement selection." County of Los Angeles, 102 Cal. App. 4th at 641 (quoting Becerra v. County of Santa Cruz, 68 Cal. App. 4th at 1459-60). This section does not specify the ultimate result that must be reached, nor does it dictate that any one factor is controlling. Id. at 640-41. It does however impose a mandatory duty, requiring the county to evaluate certain criteria. Id. at 641.

Plaintiff also alleges that defendants had a mandatory duty under § 309. This section imposes a duty to "investigate the circumstances of the child and the facts surrounding the child's being taken into custody and attempt to maintain the child with

12

the child's family through the provision of services." Cal. Welf. & Inst. Code § 309 (West 2005).  Like § 16501.1, this duty does not specify the ultimate placement that must be made. However, it does impose a mandatory duty to investigate the child's circumstances, including the existence of other family members that may be able to take custody of the children.

Finally, plaintiff alleges that defendants failed to comply with § 387.  Section 387 imposes a duty to provide a noticed hearing before issuing "an order changing or modifying a previous order by removing a child from the physical custody of a parent, guardian, relative, or friend and directing placement in a foster home, or commitment to a private or county institution." Cal. Welf. & Inst. Code § 387 (West 2005).  This section also does not dictate the ultimate result, but does impose a mandatory duty to provide a noticed hearing.

Defendant further argues that plaintiff has failed to sufficiently plead proximate causation between any mandatory duties owed by Lassen County and any injuries suffered by plaintiff.  Plaintiff's complaint alleges that she and her children "have suffered damages because of the failure of the defendants . . . to follow the law and regulations." (Pl's 1st Am. Compl. at 14.)  The complaint must be construed in the light most favorable to the plaintiff. Parks School of Business, Inc. V. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Courts must assume that all general allegations "embrace whatever specific facts might be necessary to support them." Peloza v. Capistrano Unified School Dist., 37 F.3d 517, 521 (9th Cir. 1994).
/////

13

Plaintiff's general allegation of causation is therefore sufficient.

Plaintiff has specifically identified the enactments creating mandatory duties owed by the county under §§ 16501.1, 309, and 387. (Pl's 1st Am. Compl. at 13-14.) Plaintiff has alleged that she has suffered damages because of defendant Lassen County's failure to discharge these mandatory duties. (Id. at 14.) Therefore, defendant Lassen County's motion with regard to plaintiff's claims alleging negligence under §§ 309, 387, and 16501.1 is DENIED.

**D.   Conspiracy Theory**

Defendants argue that plaintiff has failed to properly allege a conspiracy theory against defendants. In order to state a claim for relief based upon conspiracy under § 1983, plaintiffs must assert that defendants had an agreement or "meeting of the minds" to violate their constitutional rights. Ward v. EEOC, 719 F.2d 311, 314 (9th Cir. 1983); see Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1301 (9th Cir. 1999). While the existence of a formal agreement between defendants need not be established, plaintiffs must allege some unity of purpose or common design in an unlawful arrangement sufficient for a jury to conclude that a conspiracy existed. See American Tobacco v. United States, 328 U.S. 781, 809-10 (1946). "A mere allegation of conspiracy without factual specificity is insufficient." Johnson v. California, 207 F.3d 650, 655 (9th Cir. 2000) (internal quotations omitted).

Here, plaintiff has not alleged any specific fact to lead to such an inference. Rather, plaintiffs have merely alleged that

14

defendants "conspired" to do the acts alleged in the complaint. (Pl's 1st Am. Compl. at 7, 10.)  Such a conclusory allegation amounts to a legal conclusion cast in the form of a factual allegation. United States ex re. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  Additionally, plaintiff fails to allege which particular defendants "conspired" to violate her constitutional rights.  Thus, defendants' motions to dismiss plaintiff's conspiracy claims are GRANTED.

**E.   Leave to Amend**

Pursuant to Rule 15(a), "leave [to amend] is to be freely given when justice so requires."  "[L]eave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach, 125 F.3d 777, 785 (9th Cir. 1997).  Plaintiff's second amended complaint demonstrates her ability to allege further facts with greater specificity as they relate to this matter.  Therefore, justice requires that plaintiff be granted leave to amend the first amended complaint.

**CONCLUSION**

For the foregoing reasons, defendants Lassen County, Loel Griffith, and Terry Chapman's motions are DENIED in part and GRANTED in part.  Because plaintiff has demonstrated the possible ability to plead sufficient and definite allegations against defendants in the *proposed* second amended complaint, plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service
/////

15

of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: September 20, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

16