UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B., J.M. and J.M., | NO. CIV. S-05-0909 FCD DAD |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES, | |
| Defendants. | |

----oo0oo----

This matter comes before the court on defendant Director of California State Department of Social Service's ("Director")

motion to dismiss plaintiff's[1] second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]  For the reasons set forth below,[3] defendant's motion is GRANTED.

**BACKGROUND**

Plaintiff Amy McConnell and her husband James McConnell lived in Susanville, California with her four minor children. (Pl's Second Am. Compl., filed November 10, 2005 ["SAC"], at ¶¶ 13-14).  On May 5, 2003, plaintiff alleges that her children were removed from her home without her authorization and taken to Lassen County Child Protective Services ("Lassen CPS").[4]  (Id. at ¶¶ 15-19). The children were initially placed in the Environmental Alternatives Foster Family Agency by Lassen CPS. (Id. at ¶ 23).  Subsequently, the children were placed in a foster home by Lassen CPS, where plaintiff alleges that they were repeatedly sexually molested and abused.  (Id. at ¶¶ 36, 45-46).

Plaintiff contends that the Lassen CPS defendants, which include Lassen County, Terry Chapman, Margaret Crosby, and Loel Griffith, failed to provide medical or psychological care to either the plaintiff or the children after these events.  (Id. at ¶ 48).  Plaintiff further contends that the Lassen CPS defendants

---

[1] Plaintiff Amy McConnell brings this action on her own behalf and on the behalf of her four minor children.

[2] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

[4] Plaintiff's oldest child was taken from school, not from plaintiff's home, by Lassen CPS.

2

1 failed and refused to give plaintiff any regular visitation with
2 the children.  (Id. at ¶ 47).  In addition, plaintiff alleges
3 that no investigation or analysis of alternatives was made by the
4 Lassen CPS defendants, such as in-family placement of the
5 children.  (Id. at ¶¶ 28-30, 41).  Furthermore, plaintiff alleges
6 that the Lassen CPS defendants did not prepare a case plan; did
7 not notify the parents of the court hearing regarding the
8 petition for custody of the children; and did not record one
9 visitation to the foster home after the children were placed in
10 the home.  (Id. at ¶¶ 24, 37-39, 44).

11      Plaintiff does not allege that defendant Director was
12 involved with the removal or treatment of plaintiff's minor
13 children.  Plaintiff alleges, generally, that defendant Director
14 had notice of violations of policy and law by Lassen CPS and did
15 not take steps to ascertain that the law be followed.  (Id. at ¶
16 31).  Plaintiff further alleges that defendant Director knew that
17 he had accepted funding from the federal government pursuant to
18 42 U.S.C. §§ 620, 671, and 672.  (Id. at ¶ 32)  Plaintiff
19 believes that the defendant Director was prohibited from funding
20 programs like those at Lassen CPS because he accepted federal
21 funding.  (Id.)

22      Plaintiff filed her complaint on May 10, 2005.  Plaintiff
23 subsequently filed a first amended complaint on June 10, 2005.
24 Thereafter, on July 29, 2005, the defendant Director filed a
25 motion to dismiss plaintiff's first amended complaint pursuant to
26 Rules 12(b)(1) and 12(b)(6).  The court granted defendant
27 Director's motion to dismiss in its Memorandum and Order dated
28

3

September 21, 2005.[5]  Plaintiff subsequently filed a second amended complaint on November 10, 2005.  Plaintiff's second amended complaint re-alleges two claims for relief against the defendant Director: (1) violation of civil rights under 42 U.S.C. § 1983; and (2) intentional infliction of emotional distress under state law.  Defendant Director again moves to dismiss plaintiff's claims pursuant to Rules 12(b)(1) and 12(b)(6).[6]

**STANDARD**

On a motion to dismiss, the allegations of the complaint must be accepted as true.  Cruz v. Beto, 405 U.S. 319, 322 (1972).  The court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  Retail Clerks Int'l Ass'n v. Schermerhorn, 373 U.S. 746, 753 n.6 (1963).  Thus, the plaintiff need not necessarily plead a particular fact if that fact is a reasonable inference from facts properly alleged.  See id.

Given that the complaint is construed favorably to the pleader, the court may not dismiss the complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45

---

[5] While the court's Order states that it granted in part and denied in part defendant Director's motion, this conclusion was in error.  The substance of the Order demonstrates that all of plaintiff's claims against defendant Director were dismissed.  As such, the court's conclusion should have stated that defendant Director's motion to dismiss was granted in its entirety.

[6] Although defendant Director brings this motion pursuant to Rules 12(b)(1) and 12(b)(6), the substance of the motion does not address Rule 12(b)(1).  Accordingly, the court reviews the motion pursuant to Rule 12(b)(6) only.

4

(1957); NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Nevertheless, it is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendant[] ha[s] violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

## ANALYSIS

**A.   Intentional Infliction of Emotional Distress**

Defendant Director moves to dismiss plaintiff's state tort claim for intentional infliction of emotional distress. Defendant argues that plaintiff's allegations remain verbatim what they were in the first amended complaint. Defendant also argues that plaintiff admits to a failure to comply with the California Tort Claims Act.

In her opposition, plaintiff does not respond to defendant Director's motion to dismiss her claims of intentional infliction of emotional distress. The court previously granted defendant's motion to dismiss plaintiff's intentional infliction of emotional distress claim based upon state law immunity. The court granted plaintiff leave to amend her claim to include allegations that defendant Director breached a mandatory duty in relation to her state tort claim. Plaintiff failed to allege such facts in her second amended complaint.

/////

Further, plaintiff's second amended complaint fails to plead compliance with the California Tort Claims Act. Rather, plaintiff states that "[n]o claim under the California Tort Claims Act . . . was filed with the State of California." (SAC ¶ 52). Under Government Code § 950.2, any suit against a public employee is barred in cases where a plaintiff's action against the agency is barred for failure to present a claim. Plaintiff has the burden of pleading compliance with the California Tort Claims Act in her complaint. Wood v. Riverside General Hospital, 25 Cal. App. 4th 1113, 1119 (1994). Moreover, compliance with the California claims statute is mandatory. City of San Jose v. Superior Court, 12 Cal. 3d 4447, 454 (1974). Because compliance with the California Torts Claim Act is a prerequisite to suit and because plaintiff admits to a failure to file a claim with the State of California against defendant Director, defendant's motion to dismiss plaintiff's claim of intentional infliction of emotional distress is GRANTED with prejudice.

**B. 42 U.S.C. § 1983**

Defendant Director contends that plaintiff fails to state sufficient allegations to support a § 1983 claim. To state a claim under § 1983, plaintiff must plead that (1) defendant acted under color of state law, and (2) defendant deprived plaintiff of rights secured by the Constitution or federal statutes. Gibson v. U.S., 781 F.2d 1334, 1338 (9th Cir. 1986).

Plaintiff's complaint must allege a causal connection between personal conduct by defendant Director and the alleged constitutional violation. See Mabe v. San Bernardino County, 237 F.3d 1101, 1109 (9th Cir. 2001). "The Supreme Court has

concluded that in enacting section 1983 Congress did not intend to 'impose liability vicariously on [employers or supervisors] solely on the basis of the existence of an employer-employee relationship with the tortfeasor.'" Id. (quoting Monell v. Dept. of Soc. Servs., 436 U.S. 658, 692 (1978)).  To be liable under § 1983, a defendant must subject the plaintiff to the deprivation of a constitutional right through an affirmative act or an omission to perform an act which he is legally required to perform.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  Id. at 743-44.

Plaintiff's second amended complaint alleges that defendant Director "failed to perform his mandatory and requisite acts required by the acceptance of funding pursuant to 42 U.S.C. § 620 et seq. in that he failed to require Lassen County CPS to comply with the law and further to adequately train its social workers." (SAC ¶ 66).  Based on this allegation, the court cannot discern what duty plaintiff alleges was mandatory upon defendant Director.  "Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient to withstand a motion to dismiss."  Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Even under the liberal notice pleading standards, plaintiff has failed to put defendant Director on notice as to what mandatory duty he has allegedly breached.

In order to receive federal funds for foster care and adoption assistance, a state is required to have a plan that meets certain criteria set forth in § 671(a). 42 U.S.C. § 671 (West 2006). Plaintiff's second amended complaint does not allege the absence of or insufficiencies in the plan. Furthermore, plaintiff failed to allege any mandatory duty set forth in § 671 that the state or defendant Director failed to comply with.[7] There is no requirement under § 671 that the director of the program perform certain acts to ensure compliance or to ensure adequate training of the social workers.

Rather, the Supreme Court concluded that the legislative history of the Adoption Act, 42 U.S.C. § 620, et seq., does not evince a view that § 671 places any requirement for the state receipt of federal funds other than the requirement that a state submit a plan for approval. Suter v. Artist M., 503 U.S. 347, 361 (1992). In Suter, the Supreme Court found that the legislative history indicates that it was enacted to encourage

---

[7] To the extent that the court speculates as to which subsections of § 671 plaintiff may be referencing, plaintiff's claims are futile. In her opposition, plaintiff argues that sections of the California Department of Social Services Manual ("DSS Manual") "requiring a case plan, reunification with the parents and foster homes visits would have protected the plaintiffs." (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3:21-23). While § 671 does not address foster home visits, reunification with parents and case plans are addressed in §§ 671(a)(15) and (16), respectively. However, the Supreme Court held that no private right of action under § 1983 exists for violations of § 671(a)(15). Suter v. Artist M., 503 U.S. 347, 363 (1992). Furthermore, § 671(a)(16) requires that the state plan simply provide for the development of a case plan and provide a case review system. 42 U.S.C. § 671(a)(16). Plaintiff does not allege that California's plan lacks these components. In fact, plaintiff contends that the DSS Manual requires a case plan. Therefore, plaintiff cannot, in good faith, bring an action under § 1983 for violations of §§ 671(a)(15) or (16).

8

the states to adopt a series of reforms to their foster care laws, but that it also left a great deal of discretion to the states. Id. at 361-362 (citations omitted). Furthermore, the legislative history demonstrates that the decision as to the appropriateness of specific services must be made by the administering agency having immediate responsibility for the care of the child. Id. at 362 (citations omitted). Accordingly, § 671 provides that "the plan shall be in effect in all political subdivisions of the State, and *if administered by them*, be mandatory upon them." 42 U.S.C. § 671(a)(3) (emphasis added). In California, the legislature has declared that the "administration of public social services in each of the several counties of the state is . . . a county function." Cal. Welf. & Inst. Code § 10800 (West 2006). Therefore, because the counties are charged with the administration of social services, proper implementation of the plan is mandatory upon them.

Defendant Director's role with regard to the plan is set forth in California Welfare and Institutions Code § 10605, which gives him discretion to take or not take action if he believes that a county is substantially failing to comply with any program administered by the Department of Social Services. Cal. Welf. & Inst. Code § 10605 (West 2006). Plaintiff's allegation that defendant Director failed to require Lassen CPS to comply with the law is within his discretionary powers under § 10605. Furthermore, plaintiff's allegation that defendant Director failed to adequately train social workers does not support liability under § 1983. Plaintiff is required to demonstrate an affirmative link between the constitutional deprivation and

9

defendant Director's conduct in order to proceed under § 1983. <u>Johnson</u>, 588 F.2d at 743.  Plaintiff has not alleged that defendant Director was legally required to train the social workers in Lassen County, which is a county function. <u>Id.</u>  Nor has plaintiff alleged that defendant Director was personally involved in the conduct leading to plaintiff's alleged constitutional deprivation. <u>See</u>, <u>e.g.</u>, <u>Whitley v. N.M. Children, Youth and Families Dep't</u>, 184 F.Supp 2d 1146, 1153 (D.N.M. 2001) (finding no liability under § 1983 where defendant cabinet Secretary of NM CYFD had no actual or personal knowledge of the child's circumstances and did not make or participate in any decisions concerning the child's treatment needs or placements).

 Finally, plaintiff admits that she cannot allege any legally required duties that defendant Director failed to perform.  In her opposition, plaintiff states that "further facts are necessary to determine which function the [defendant Director] failed to engage in, whether it was mandatory, [and] whether it was within his discretion."  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8:11-14).  "Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."  <u>DM Research, Inc. v. College of American Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999).  Plaintiff has not alleged "a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome."  <u>Id.</u>

/////
/////
/////

10

Plaintiff has failed to set forth facts sufficient to state a claim.  Moreover, plaintiff has admitted that she cannot do so without a "fishing expedition" to determine if a mandatory exists, if the defendant Director breached such a duty, and if his acts were discretionary in nature.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 8:11-14).  Therefore, defendant Director's motion to dismiss is GRANTED with prejudice.

## CONCLUSION

For the foregoing reasons, defendant Director of California State Department of Social Services' motion is GRANTED with prejudice.

IT IS SO ORDERED.

DATED: March 27, 2006

                          /s/ Frank C. Damrell Jr.
                          FRANK C. DAMRELL, Jr.
                          UNITED STATES DISTRICT JUDGE