IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMY MCCONNELL, et al.,                NO.  CIV.S-05-0909 FCD DAD

      Plaintiffs,

  v.                                    <u>ORDER</u>

LASSEN COUNTY, et al.,

      Defendants.

_____/

       This matter came before the court on January 12, 2007, for hearing on the motion to compel production of documents and responses to interrogatories filed on behalf of defendants Terry Chapman, James Chapman, Jack Hanson, Brian Dahle and Lassen County and a motion for terminating sanctions due to plaintiffs' failure to comply with the court's prior discovery order brought on behalf of defendants Lloyd Keefer, Bob Pyle and Terry Chapman.  As announced at the hearing, by order filed January 18, 2007, defendants' motion to compel production of documents and further answers to interrogatories was granted in

1

part and denied in part.  Plaintiffs and their counsel were ordered to provide supplemental discovery responses, including proper verifications, on or before January 18, 2007 and to pay sanctions to defense counsel in the amount of $1,000 to cover the expenses of bringing the motion to compel on or before March 13, 2007. Defendants' motion for terminating sanctions was denied.

On January 22, 2007, counsel for plaintiffs filed a document entitled "Objections to the order Of Magistrate Judge."  In that document plaintiffs' counsel repeats arguments made at the hearing, arguing that the motion to compel should not have been granted in any respect.  Plaintiffs' counsel also objects to being ordered to pay any sanctions in connection with the motion.

The filing of "objections" by plaintiffs' counsel to the undersigned's order is in error.  Local Rule 72-303 provides as follows:

> (b) **Finality**.  Rulings by Magistrate Judges shall be final if no reconsideration thereof is sought from the Court within ten (10) court days calculated from the date of service of the ruling on the parties, see Fed. R. Civ. P. 6(a), (e); Fed. R. Crim. P. 45(a), (e), unless a different time is prescribed by the Magistrate Judge or the Judge.
>
> (c) **Reconsideration by a District Judge**.  A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . .  Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection.  This request shall be captioned "Request for Reconsideration by the District Court of Magistrate Judge's Ruling."

/////

2

1  Local Rule 72-304 provides that:

2      (a)  **Determination**. In accordance with 28 U.S.C.
       § 636(b)(1)(B) and (C), the Magistrate Judges
3      shall hear, conduct such evidentiary hearings as
       appropriate, and submit to the assigned Judge
4      proposed findings of fact and recommendations for
       the disposition of excepted pretrial motions
5      referred in accordance with L.R. 72-302. The
       Magistrate Judge shall file the proposed findings
6      and recommendations with the Clerk and shall
       serve all parties.

7

8      (b)  **Objections**. Within ten (10) court days after
       service of the proposed findings and
       recommendations on the parties, <u>see</u> Fed. R. Civ.
9      P. 6(a); Fed. R. Civ. P. 6(e); Fed. R. Crim. P.
       45(a); Fed. R. Crim. P. 45(c), unless a different
10     time is prescribed by the Court, any party may
       file with the Clerk, and serve on all parties,
11     objections to such proposed findings and/or
       recommendations to which objection is made and
12     the basis for the objection.

13     The undersigned's order filed January 18, 2007, was a

14 ruling on a motion to compel and for imposition of sanctions.  It was

15 thus subject to the provisions of Local Rule 72-303.  The ruling was

16 an order and not findings and recommendations that would be the

17 proper subject of objections under Local Rule 72-304.

18     Moreover, it is unclear whether the document filed by

19 plaintiffs' counsel was directed to the undersigned Magistrate Judge

20 or the assigned District Judge.  To the extent the document could be

21 construed as a motion to reconsider directed to the undersigned, the

22 motion is denied since counsel merely rehashes the arguments

23 previously rejected by the court.  In the event counsel for

24 plaintiffs intended to seek reconsideration of the undersigned's

25 order by the assigned District Judge, counsel is referred to Local

26 /////

Rule 72-303(c), set out in full above, for the procedure to be followed in seeking such reconsideration.

IT IS SO ORDERED.

DATED: January 31, 2007.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\mcconnell.013107

4