UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY
McCONNELL on behalf of her
four minor children, A.B.,
A.B. J.M. and J.M.,

        NO. CIV. S-05-0909 FCD DAD

      Plaintiffs,

  v.               MEMORANDUM AND ORDER

LASSEN COUNTY, CALIFORNIA, et
al.,

      Defendants.

_____/

----oo0oo----

    This matter is before the court on plaintiffs' motion for reconsideration of this court's June 29, 2007 Memorandum and Order ("Order") pursuant to Eastern District Local Rule 78-230(k) and Rule 54(b)[1] of the Federal Rules of Civil Procedure.

---

[1] In their moving papers, plaintiffs failed to identify the procedural rule under which they bring their motion.  In their reply, plaintiffs inappropriately state that they bring this motion pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure.  However, Rules 59(e) and 60(b) provide the
(continued...)

1   Defendants oppose the motion.   For the reasons set forth below,[2]

2   plaintiffs' motion is DENIED.[3]

3                                    **STANDARD**

4         An order that resolves fewer than all of the claims among

5   all of the parties "is subject to revision at any time before the

6   entry of judgment adjudicating all the claims and the rights and

7   liabilities of all the parties."   Fed. R. Civ. P. 54(b); 18B

8   Charles Alan Wright & Arthur R. Miller, <u>Federal Practice &</u>

9   <u>Procedure</u> § 4478 (2d Ed. 2005) (while authorized, reconsideration

10  of interlocutory orders disfavored).   Where reconsideration of a

11  non-final order is sought, the court has "inherent jurisdiction

12  to modify, alter or revoke it."   <u>United States v. Martin</u>, 226

13  F.3d 1042, 1048-49 (9th Cir. 2000).   To succeed in a motion to

14  reconsider, a party must set forth facts or law of a strongly

15  convincing nature to induce the court to reverse its prior

16  decision.   <u>See, e.g.</u>, <u>Kern-Tulare Water Dist. v. City of</u>

17  <u>Bakersfield</u>, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in

18

19

20  ──────────────

            [1](...continued)
21  procedural rule for filing a motion for relief from *final*
    *judgment*, and is therefore, not applicable.   <u>See</u> <u>Balla v. Idaho</u>
22  <u>State Bd. of Corrections</u>, 869 F.2d 461, 466-67 (9th Cir. 1989).
    The court's Order granted in part and denied in part defendants'
23  motions for summary judgment.   Therefore, Rule 54(b) provides the
    appropriate procedural rule for this motion, as the court's order
24  adjudicated "fewer than all the claims . . . of fewer than all
    the parties."   Fed. R. Civ. Proc. 54(b).
25
            [2]    Because oral argument will not be of material
26  assistance, the court orders this matter submitted on the briefs.
    E.D. Cal. Local Rule 78-230(h).
27
            [3]    The facts of this case are set forth in the court's
28  Memorandum and Order, filed June 29, 2007. (Docket # 181).

                                     2

part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Generally, and absent highly unusual circumstances, reconsideration is appropriate only where (1) the party presents the court with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law.[4]  See Sch. Dist. No. 1J, Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**ANALYSIS**

At the outset of their motion, plaintiffs contend that a number of grounds exist for the court's reconsideration of its Order.  In general, plaintiffs contend that "[d]ue to the fact that four very large and difficult motions were filed and the time to answer was short, arguments were not completed on issues where the law was settled."  (Pls.' Mot. for Reconsideration (Docket # 182), filed July 9, 2007, at 3).  Plaintiffs also filed the Declaration of Treva J. Hearne, plaintiffs' counsel.  Hearne declares that plaintiffs' counsel's law firm consists of two partners and one secretary and that the dispositive motion calendar is "very difficult and burdensome."  (Decl. of Treva J. Hearne ("Hearne Decl."), filed July 9, 2007, ¶ 2).  Hearne also declares that plaintiff Amy McConnell lives a "marginal existence" as a single mother with four children, working at

---

[4]     While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise of its discretion.

minimum wage employment and that it is very difficult for plaintiffs' counsel to communicate with her.  While the court is not unsympathetic to the constraints on plaintiffs' counsels' resources, unfortunately such constraints cannot justify a motion for reconsideration.  The court is fully aware of the extensive briefing filed by both parties in support of and in opposition to defendants' motions for summary judgment.  *However, plaintiffs did not seek leave to amend the pretrial scheduling order to extend the time for filing an opposition to defendants' motions.*  Rather, now that the court has rendered its decision, granting defendants' motions for summary judgment in part, plaintiffs argue that they had inadequate time and resources to respond.  Such post-decision justifications are not well-received when plaintiffs failed to address these issues in a timely fashion.  Moreover, plaintiffs' counsel's request for understanding because she works "with little assistance for poverty level clients" is unavailing.  The court cannot apply special rules to certain parties or counsel based upon their financial status or chosen field of practice.  Such an application would offend all notions of due process.

Plaintiffs also contend that the Court erred in failing "to weigh the evidence as a whole."  Plaintiffs are correct in their observation that the court did not *weigh* the evidence.  Such is beyond the court's purview on a motion for summary judgment.  Rather, the court examined the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and all other *admissible* evidence to determine whether (1) defendants had met their initial responsibility in

4

demonstrating that there existed no genuine issue as to any

material fact; and (2) whether plaintiffs then met their burden

in establishing that there was a genuine issue as to any material

fact.  Fed. R. Civ. P. 56(c), (e); See Matsushita Elec. Indus.

Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First

Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); SEC

v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982).

Plaintiffs also contend that the court erred in finding that

documents submitted by plaintiffs, specifically documents

purporting to be grand jury reports, were inadmissible.[5]

Plaintiffs fail to offer any persuasive argument that these

documents were properly authenticated or that a proper basis was

laid (or argued) as to why the documents did not constitute

inadmissible hearsay at the time the motion was filed.

Plaintiffs contend that defendants did not object to the

documents when previously disclosed to them or questioned about

them at their depositions.  In fact and more importantly,

defendants did object to these documents at the time plaintiffs

submitted them in opposition to the motion for summary judgment.

Based upon the submissions of the parties, the strictures of the

---

[5]    In support of their argument and as further complaint about the alleged unfairness of this court's Order, plaintiffs also contend that "the Court was willing to allow evidence that was rank hearsay to support the actions and reactions of Terry Chapman."  (Pls.' Mot. for Reconsideration at 16).  Such a contention underscores plaintiffs' faulty understanding of the Federal Rules of Evidence and general principles of evidentiary admissibility.  As set forth in the court's Order, statements made by a third party to defendant T. Chapman were not offered for the truth of the matter asserted, but rather for their effect on the listener.  Moreover, the court denied defendant T. Chapman's motion for summary judgment on the issue to which these statements would be relevant.

Federal Rules of Evidence, and Ninth Circuit precedent, the court
sustained defendants' objections and found the documents
inadmissible.  Nothing proffered by plaintiffs in the motion for
reconsideration alters the court's ruling.

**I.    Defendant Chapman**

Plaintiffs contend that defendant Terry Chapman's ("T.
Chapman") motion for summary judgment should not have been
granted because he unreasonably relied upon a third party when
taking custody of the children.  Specifically, plaintiffs contend
that in determining whether to detain the minor children without
a warrant, defendant T. Chapman should not have relied upon the
statements of the minor plaintiffs' grandfather, statements made
by the minor children to policemen while at Lassen County CPS, or
a prior referral of the McConnell family to a child protective
services agency in Kern County.

Plaintiffs' motion for reconsideration on this issue is
baffling to the court.  The court, in fact, *DENIED* defendant
Terry Chapman's motion for summary judgement on this issue.
(Order at 38-41).  In its Order, the court found that "[b]ased
upon the circumstances presented in this case, there exists a
material question of fact whether the minor plaintiffs were at a
risk of an immediate threat of serious bodily harm if left with
their mother and therefore, a triable issue regarding whether
defendant T. Chapman violated plaintiffs' constitutional rights
by detaining the children without a warrant."  (Order at 38).
Plaintiffs' challenges to the court's Order, regarding whether
defendant unreasonably relied upon certain information, all
relate to the pre-hearing detention of the minor plaintiffs, an

issue for which the court found there are material issues of
fact.  As such, unless plaintiffs request the court to grant
defendant's motion for summary judgment, their arguments for
reconsideration of this issue are ill conceived and obviously
contrary to their clients' own interest.

Plaintiffs also contend that summary judgment was improper
because defendant T. Chapman's credibility is in question.
However, as the court stated in its Order, the Ninth Circuit has
found that "[n]either a desire to cross-examine an affiant or an
unspecified hope of undermining his or her credibility suffices
to avert summary judgment."  Nat'l Union Fire. Ins. Co. v.
Argonaut Ins. Co., 701 F.2d 95, 97 (9th Cir. 1983) (citations
omitted) (finding that summary judgment was properly granted
despite the plaintiff's assertion that the evidence relied on by
the court came from witnesses whose interests were identical and
biased).  Moreover, as with plaintiffs' challenges to defendant
T. Chapman's reliance on certain information, plaintiffs attack
defendant's credibility as it relates to testimony he gave
regarding his decision to detain the children prior to the
hearing.  Although the court did not consider the unauthenticated
and inadmissible document allegedly written by defendant T.
Chapman[6] and submitted by plaintiffs, the court nevertheless
found that there was a triable issue of fact regarding whether
defendant T. Chapman's decision to detain the children without a

_____

[6]   Not only did plaintiffs fail to authenticate the
document, but defendant Terry Chapman vigorously contested that
he wrote the memo.  Defendant Chapman offered the testimony of
two experts, both of whom opined that the purported memo is not
genuine.  (See Order at 35-36).

7

warrant violated plaintiffs' constitutional rights.  As such,
plaintiffs' arguments in support of a motion for reconsideration
on this issue are also misplaced, as defendant T. Chapman's
motion for summary judgement was *DENIED* on this claim.

     In their reply brief, plaintiffs assert for the first time
that defendant T. Chapman should not be entitled to immunity for
his alleged conduct related to the minor plaintiffs' post-hearing
detention.  The law in the Ninth Circuit is well-established that
"social workers are entitled to absolute immunity for the
initiation and pursuit of dependency proceedings, including their
testimony offered in such proceedings."  <u>Mabe v. San Bernardino
County</u>, 237 F.3d 1101, 1109 (9th Cir. 2001) (holding that social
workers were immune from plaintiff's allegations that they did
not conduct the investigation properly and were allowed to submit
false evidence to the juvenile court); <u>see</u> <u>Beltran v. Santa Clara
County</u>, – F.3d –, 2007 WL 1805559 at *4 (9th Cir. June 25, 2007)
(holding that social workers are afforded absolute immunity for
their actions that are "closely connected to the judicial
process," including verified statements in petitions filed with a
dependency court); <u>Doe v. Lebbos</u>, 348 F.3d, 820 825-26 (9th Cir.
2003) (holding that social worker was absolutely immune for her
actions in investigating and presenting evidence to the
dependency court); (<u>see also</u> Order at 41-42).  "Moreover, social
workers 'enjoy absolute, quasi-judicial immunity when making
post-adjudication custody decisions pursuant to a valid court
order."  <u>Id.</u>; (<u>see</u> Order at 42).  In their reply, plaintiffs
acknowledge that "the Ninth Circuit has historically allowed
broad based immunity to social workers." (Pls.' Reply, filed

July 31, 2007, at 4).   Despite this acknowledgment of binding

precedent, plaintiffs apparently request the court to disregard

Ninth Circuit authority and rely solely on *arguments* raised in a

pending *request* for *en banc* reconsideration of <u>Beltran</u>.   The

court declines to do so.

Finally, plaintiffs challenge the court's Order as it

relates to Defendant T. Chapman's motion for summary judgment on

plaintiffs' state law claims.   Plaintiffs assert that defendant

T. Chapman admitted that he only visited the minor plaintiffs

once while they were in foster care in violation of California

law.   In its Order, the court granted defendant T. Chapman's

motion for summary judgment as to plaintiffs state law claims

because plaintiffs failed to comply with the California Tort

Claims Act.   Defendant T. Chapman ceased to be the social worker

assigned to the McConnell family after September 29, 2003.

Plaintiffs filed their tort claims some fourteen months later in

December 2004 and January 2005.   Pursuant to California

Government Code § 911.2, claims relating to personal injury must

be filed no later than six months after the accrual of the cause

of action.   Plaintiffs failed to present any evidence that

defendant T. Chapman performed any act that violated their rights

or California law after he ceased to be the McConnell family's

social worker on September 29, 2003.   Therefore, the court found

that plaintiffs failed to comply with the timely filing

requirement of the California Tort Claims Act.

In their motion for reconsideration, plaintiffs again argue

that their claims against defendant T. Chapman and Lassen County

are timely because the minor plaintiffs were not reunited with

their mother until November 2004.  As such, plaintiffs contend
that their causes of action continued to accrue until that time.
Plaintiffs concede in their motion that the timely-filing clock
begins to run after the "last act" that constitutes the violation
of the claim.  (Pls.' Mot. for Reconsideration at 14-15) (citing
Ortega v. Pajaro Valley Unified Sch. Dist., 64 Cal. App. 4th 1023
(1998)).  The undisputed evidence demonstrates that defendant T.
Chapman had no further involvement in the case after September
29, 2003.  At best, the last act performed by defendant T.
Chapman was on September 29, 2003.  That plaintiffs may have
experienced emotional distress after that point is both likely
and lamentable, but irrelevant to this court's mandated inquiry.
However sympathetic the court is for plaintiffs' plight, it is
not within the court's discretion or power to choose when it will
and will not apply the timely filing requirements of the
California Tort Claims Act.  Because defendant T. Chapman's last
act relating to the McConnell family occurred well more than six
months prior to their filing of their claims, plaintiffs' state
law claims against defendant T. Chapman are untimely.

As also argued in opposition to defendant's motion for
summary judgment, plaintiffs contend that they were not required
to comply with the timely filing requirement if they have a claim
for breach of a mandatory duty.  Plaintiffs cite to California
Government Code § 815.6[7] which provides:

> Where a public entity is under a mandatory duty imposed
> by an enactment that is designed to protect against the

---

[7]   In their opposition, plaintiffs cited to California
Government Code § 916, a section that does not exist.  (See Order
at 45).

10

1  risk of a particular kind of injury, the public entity
2  is liable for an injury of that kind proximately caused
   by its failure to discharge the duty unless the public
3  entity establishes that it exercised reasonable
   diligence to discharge the duty.

4  Cal. Gov't Code § 815.6 (West 2007).  Under § 815 of the

5  California Government Code, except as otherwise provided by

6  statute, a public entity is generally not liable for an injury.

7  Cal. Gov't Code § 815(a) (West 2007).  Section 815.6 provides a

8  statutory exception to this general principle and explicitly

9  holds public entities liable for failure to discharge a mandatory

10 duty.  However, a plain reading of this statute reveals no

11 exception to compliance with the timely-filing requirement set

12 forth in the California Tort Claims Act.  Furthermore, the court

13 can find no authority for plaintiff's assertion that they were

14 not required to submit a claim in this context.  Cf. Renteria v.

15 Juvenile Justice, Dep't of Corr. & Rehab., 135 Cal. App. 4th 903,

16 908 (2006) (stating that the § 815.6 of the California Tort

17 Claims Act authorizes limited governmental liability for damages

18 and establish a uniform claim procedure that requires filing of a

19 claim within a brief period of the injury); Tapia v. Alameida,

20 03-CV-5422, 2006 WL 3457214, at *2 (E.D. Cal. Nov. 30, 2006)

21 (dismissing the plaintiff's claims for breach of a mandatory duty

22 for failure to comply with the California Tort Claims Act)

23 (adopted by Tapia v. Alameida, 03-CV-5422, 2007 WL 499637, at *1

24 (E.D. Cal. Feb. 12, 2007)).

25    To the extent that the court's prior order on defendants'

26 motion to dismiss was unclear with regard to this issue, the

27 court clarifies its prior holding.  On defendant Lassen County,

28 Loel Griffith, and T. Chapman's prior motion to dismiss, the

11

court GRANTED in part and DENIED in part defendants' motion. (Mem. & Order (Docket # 34), filed Sept. 21, 2005).  The court granted defendants' motion to dismiss as to plaintiff's claims of intentional infliction of emotional distress and negligence for failure to plead compliance with the California Tort Claims Act. However, the court went on to discuss the viability of plaintiffs' negligence claims based upon failure to fulfill a mandatory duty and stated that defendants' motion to dismiss as to some of those claims were DENIED.  The court's statement was in error.  Those claims should have been dismissed for failure to comply with the California Tort Claims Act, as they were encompassed in plaintiffs' negligence claims.  The court's further discussion of the viability of such claims were for purposes of determining the futility of granting leave to amend with respect to certain mandatory duty claims, assuming that plaintiffs could plead compliance with the timely filing requirement.  However, the court's language in denying defendants' motion did not reflect the true purpose of its subsequent discussion.

In their motion, plaintiffs also argue that "[t]he County's Insurance and Claim Adjustor made no mention of the investigation that is afforded the public entity or that it was prejudiced because of the time expired." (Pls.' Mot. for Reconsideration, filed July 9, 2007, at 14).  Plaintiffs argue that no advisement was given that the plaintiffs needed to seek an extension of the statute.  (<u>Id.</u>)  While it is unclear exactly what point plaintiffs are seeking to make through these assertions, the

court will liberally construe plaintiffs' contentions in an
effort to address the possible implications of these assertions.[8]

To the extent that plaintiffs point to a lack of
demonstrated prejudice by defendant T. Chapman or defendant
Lassen County, plaintiffs fail to cite any authority in support
of a position that a defendant must be prejudiced in order to
apply the timely filing requirement of the California Tort Claims
Act.  Rather, the California Supreme Court has stated that
"[c]ompliance with the claims statutes is mandatory and failure
to file a claim is fatal to the cause of action." <u>City of San
Jose v. Superior Court</u>, 12 Cal. 3d 447, 454 (1974) (internal
citations omitted).  The California Supreme Court further
clarified that it is not the purpose of the claims statutes to
prevent surprise.  <u>Id.</u> at 455.  "It is well-settled that claims
statutes must be satisfied even in the face of the public
entity's actual knowledge of the circumstances surrounding the
claim.  Such knowledge . . . constitutes neither substantial
compliance nor basis for estoppel." <u>Id.</u> at 455 (citations
omitted).  As such, the court cannot dispense with the timely
filing requirement of the California Tort Claims Act merely

_____

[8]     To the extent plaintiffs request the court to reject
its own independent analysis of plaintiffs' compliance with the
timely filing requirement and replace it with the opinion of a
manager of George Hills Company, Inc., Insurance Adjusters and
Claim Administrators, set forth in an unauthenticated preliminary
report, the court declines to do so.  Moreover, while the
preliminary report stated at the outset that the claim appeared
to be timely, the report also recommended that the claim be
rejected to set forth the six-month time limitation for the
filing of any state causes of action.  (Ex. 3 to Pls.' Mot. for
Reconsideration, filed July 9, 2007).

because plaintiffs allege that defendants were not prejudiced by plaintiffs' untimely filing.

To the extent that plaintiffs are seeking to argue an estoppel theory in order to preclude defendants from relying upon the timely filing requirement of the California Tort Claims Act, such an argument is improper on a motion for reconsideration.  "A motion for reconsideration is not a proper mechanism for presenting new legal theories that the movant failed to raise with respect to the underlying motion for summary judgment." Reliance Ins. Co. v. Doctors Co., 299 F. Supp. 2d 1131, 1154 (D. Hi. 2003) (citing Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (stating that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); see also Garber v. Embry-Riddle Aeronautical Univ., 259 F. Supp. 2d 979, 982 (D. Az. 2003).  Moreover, "claims of estoppel have been rejected . . . where the plaintiff cannot show calculated conduct or representations by the public entity or its agents that induced plaintiff to remain inactive and not to comply with the claims-presentation requirements." Ortega v. Pajaro Valley Unified Sch. Dist., 64 Cal. App. 4th 1023, 1045 (1998) (citing Calabrese v. County of Monterey, 251 Cal. App. 2d 131 (1967); DeYoung v. Del Mar Thoroughbred Club, 159 Cal. App. 3d 858 (1984); Munoz v. State of California, 33 Cal. App. 4th 1767, 1786 (1995)).  Plaintiffs have failed to proffer any argument, let alone admissible evidence, that the public entity or its agents engaged in such calculated conduct.

1  Therefore, for the foregoing reasons, plaintiffs' motion for
2  reconsideration regarding the court's Order as it relates to
3  defendant T. Chapman's motion for summary judgment is DENIED.
4  **II.  Defendant Environmental Alternatives**
5  Plaintiffs assert, with great vehemence and a degree of
6  disdain, that they disagree with the court's finding that in
7  light of the evidence submitted to the court, defendant
8  Environment Alternatives ("EA") did not owe a duty of care to
9  plaintiffs under general negligence principals.  This is not
10 grounds for the grant of reconsideration.  Plaintiffs advanced
11 arguments in their motion for reconsideration identical to the
12 arguments they advanced in their opposition to defendants' motion
13 for summary judgment.  The court found these arguments
14 unpersuasive then and unpersuasive now.  In sum, plaintiffs
15 simply offer no new evidence or legal support for their
16 contention that the court committed clear error.

17 Plaintiffs again premise their argument on the basis that
18 the sexual molestation was "was attributable to a change in the
19 medical condition of Hank Coy." (Pls.' Mot. for Reconsideration
20 at 6).  However, again plaintiffs fail to present any evidence
21 that age, Alzheimer's disease, lethargy, or hearing loss are
22 predictors of sexual molestation such that defendant EA should
23 have foreseen the subsequent molestation of one or more of the
24 minor children. (Order at 58).  Rather, as in their motion for
25 summary judgment, plaintiffs fail to present affirmative evidence
26 in support of their claims but ask the court to submit this claim
27 to the jury on the basis that testimony favorable to the
28 defendant should not be believed because it is biased. (See Mot.

1  for Reconsideration at 7).  The court rejected this approach in

2  granting defendant EA's motion for summary judgment, and it

3  rejects it again now.  <u>Nat'l Union Fire. Ins. Co.</u>, 701 F.2d at 97

4  (finding that summary judgment was properly granted despite the

5  plaintiff's assertion that the evidence relied on by the court

6  came from witnesses whose interests were identical and biased).

7      Just as plaintiffs have a penchant for mis-characterizing

8  the actual admissible evidence they have submitted to the court,

9  they similarly mis-characterize the court's Order.  Plaintiffs

10 argue that "[t]he court has given Environmental Alternatives and

11 all other private foster family agencies in California free

12 license to make money and neglect minor children defenseless

13 [sic]."  (Pls.' Mot. for Reconsideration at 7).  The court has

14 done no such thing.  Rather, the court found that plaintiffs

15 failed to present any admissible evidence justifying the

16 imposition of a duty of care owed by defendant EA to plaintiffs.

17 The court did not hold that defendant EA was immune from suit as

18 a matter of law.  The court found that plaintiffs had failed to

19 meet their burden.  Now, plaintiffs seek to pawn these legal

20 deficiencies off upon the court by contemptuously declaring that

21 the court's order is "leaving defenseless children at the mercy

22 of sexual predators."  (Pls.' Mot. for Reconsideration at 8 n.4).

23 No matter how fervently plaintiffs seek to vilify the court and

24 its Order, the court will not disregard the Federal Rules of

25 Civil Procedure, the Federal Rules of Evidence, and decades of

26 precedent.  Plaintiffs were required under the Rules and the law

27 to submit relevant, admissible evidence to the court sufficient

28

16

1 to demonstrate a triable issue of fact.  Plaintiffs simply failed
2 to do so.

3    Plaintiffs also contend that "[a]ccording to this Court one
4 child must be sacrificed so that the 'system' can discover the
5 reasonable foreseeability whether a foster parent is a sexual
6 predator." (Pls.' Mot. for Reconsideration at 8 n.4).  The court
7 made no such findings.  Based upon the admissible evidence
8 submitted (and plaintiffs' utter lack thereof), the court found
9 it was not foreseeable to defendant EA that Hank Coy would molest
10 any of the minor children.  (See Order at 56-61).  The court did
11 not hold that foreseeability could only be demonstrated by prior
12 acts of molestation by Hank Coy.  However, again, plaintiffs
13 failed to proffer any evidence, such as particular behavior by
14 Hank Coy or expert analysis of predictors exhibited by Hank Coy,
15 that defendants were on notice of or should have been on notice
16 that the minor plaintiffs were at risk.[9]

17

18

19    [9]    Plaintiffs cite to Doe 1 v. City of Murrieta, 102 Cal.
20 App. 4th 899 (2002) in support of their argument that this court
   should impose a duty of care upon defendant EA.  In Murrieta, the
21 court found that an explorer advisor's sexual involvement with
   plaintiffs was reasonably foreseeable to his supervisor who
22 witnessed the advisor and the plaintiffs spending an unusual
   amount of time together, the advisor and the plaintiffs going on
23 frequent one-on-one ride-alongs late at night, the plaintiffs
   frequently calling the advisor at the station, and the plaintiffs
24 often waiting for the advisor for a ride home.  Id. at 914.
   Defendant supervisor was also aware of the plaintiffs'
25 infatuation with the advisor.  Id.  Further, content of
   leadership handbooks acknowledged the foreseeability of explorer
26 advisors sexually exploiting explorers.  Id.  Plaintiffs have
   failed to proffer any similar evidence in this case.  Rather,
27 plaintiffs admitted that they are not aware of any evidence that
   EA had knowledge of the propensity of Hank Coy to engage in acts
28 of sexual molestation or abuse of minors prior to the time that
   the minor plaintiffs were placed at the Coy home. (Order at 57).

1    Plaintiffs seek to focus primarily on the public policy

2   aspect of the court's analysis of the Rowland factors.  In doing

3   so, plaintiffs misconstrue the purpose of the Rowland factors.

4   The court's analysis and findings with regard to the public

5   policy factor should not be taken in a vacuum or as a broad

6   pronouncement to be applied in all foster care cases, as

7   plaintiffs seemingly argue it will.  Rather, the Rowland analysis

8   is a "policy-driven, multifactor weighing process for determining

9   whether *in a particular case* a defendant owed a tort duty to a

10  given plaintiff."  Romero, 89 Cal. App. 4th at 1091 (emphasis

11  added).  In accordance with California law, the court analyzed

12  the negligence liability of defendant EA, considering all

13  relevant factors set forth by the California Supreme Court in

14  Parsons v. Crown Disposal Co., 15 Cal. 4th 456, 472-73 (1997),

15  and bearing in mind that the foreseeability of harm to the

16  plaintiff is "the most important factor" in determining whether a

17  duty should be imposed upon a defendant.  See Margaret W. v.

18  Kelley R., 139 Cal. App. 4th 141, 161 (2006).  In light of the

19  absence of any evidence demonstrating the foreseeability of the

20  harm inflicted upon the minor plaintiffs, the court found that

21  where foreseeability is not reasonable, the policy of preventing

22  future harm would not be served by imposing liability.  (Order at

23  62 (citing Romero, 89 Cal. App. 4th at 1093-94)).  The court also

24  found that, *based upon the admissible evidence in this case*, the

25  remaining Rowland factors militated against a finding that

26  defendant EA owed a duty of care to plaintiffs under general

27  negligence principles.  (See Order at 61-63).  Clearly,

28  plaintiffs disagree with this court's holding.  However,

18

1  disagreement, no matter how vehement and inflammatory, does not

2  justify a grant of reconsideration.

3      The court notes again that it is wholly sympathetic to the

4  injuries suffered by the minor plaintiffs in this case.  However,

5  such sympathy cannot override the court's duty to correctly apply

6  the law as it interprets it.  Simply put, absent admissible

7  evidence, a court of law cannot be a curative for the tragic

8  consequences that may have been caused by the defendants in this

9  case.  As such, and for the foregoing reasons, plaintiffs' motion

10 for reconsideration regarding the court's Order as it relates to

11 defendant EA's motion for summary judgment is DENIED.

12 **III. Board Defendants**

13      Plaintiffs assert that the failure to act by the

14 individual members of the Lassen County Board of Supervisors,

15 defendants Hanson, Dahle, Keefer, Pyle, and J. Chapman

16 (collectively, the "Board defendants") was an administrative

17 function, and thus they are not entitled to legislative immunity.

18 As such, plaintiffs assert that the court erred in granting the

19 Board defendants' motion for summary judgment.

20      Plaintiffs raise the same arguments, citing the same cases,

21 as they raised in their opposition to the Board defendants'

22 motion for summary judgment.  The court considered such arguments

23 and found that the Board defendants were entitled to absolute

24 legislative immunity.  Once again, it is clear that plaintiffs

25 disagree with the court's holding.  However, such disagreement is

26 not a basis for reconsideration.  Therefore, plaintiffs' motion

27 for reconsideration regarding the court's Order as it relates to

28 Board Defendant's motion for summary judgment is DENIED.

**IV.   Defendant Lassen County**

Plaintiffs contend that defendant Lassen County's motion for summary judgment should not have been granted because it is liable for the failure of its employees to carry out their duties.  Specifically, plaintiffs argue that Lassen County and its employees failed to conduct regular visits to the foster parent and the child.  For the reasons set forth above, to the extent that plaintiffs seek to hold the County liable for defendant T. Chapman's failure to conduct regular visits, such claims did not comply with the timely filing requirement set forth in the California Tort Claims Act.  To the extent that plaintiffs seek to hold the County liable for defendant Loel Griffith's conduct, as set forth in the court's Order, plaintiffs' failed to proffer evidence to support that defendant Griffith is liable based on either their federal or state claims. Moreover, plaintiffs noticeably do not move for reconsideration as to court's Order granting defendant Griffith's motion for summary judgment.

Plaintiffs' arguments regarding Lassen County's alleged negligence in its performance of mandatory duties were discussed at length in this court's Order.  (See Order at 50-54). Plaintiffs fail to offer any new evidence or argument in their motion for reconsideration that would change this court's prior analysis of the issues.  Therefore, plaintiffs' motion for reconsideration regarding the court's Order as it relates to Lassen County's motion for summary judgment is DENIED.

/////

/////

1

**CONCLUSION**

2     For the foregoing reasons, plaintiffs' motion for

3  reconsideration is DENIED.

4     IT IS SO ORDERED.

5  DATED: August 16, 2007

6

7

8                    FRANK C. DAMRELL, JR.

9                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21