1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY
McCONNELL on behalf of her
four minor children, A.B.,
A.B. J.M. and J.M.,

        NO. CIV. S-05-0909 FCD DAD

    Plaintiffs,

  v.                        MEMORANDUM AND ORDER

LASSEN COUNTY, et al.,

    Defendants.

----oo0oo----

    This matter comes before the court on defendant Loel Griffith's ("Griffith") motion for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).[1]  Plaintiffs

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

oppose the motion.  For the reasons set forth below,[2] defendant Griffith's motion is DENIED.

Rule 54(b) provides, in relevant part,

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. Proc. 54(b) (West 2007).  In short, "claims must be multiple and at least one must have been adjudicated finally." Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co., 819 F.2d 1519, 1524 (9th Cir. 1987).  "Whether a final decision is ready for appeal is a different inquiry from the equities involved, for consideration of judicial administration interests 'is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 10 (1980) (internal quotations omitted)).  Both the Supreme Court and the Ninth Circuit have noted that "sound judicial administration does not require that Rule 54(b) requests be granted routinely." Curtiss-Wright, 446 U.S. at 10 (1980); Wood, 422 F.3d at 879.

Defendant Griffith contends that final judgment should be entered because all of plaintiffs' claims against her have been dismissed after the court's June 29, 2007 Memorandum and Order analyzing defendants' summary judgment motions.  Defendant also

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(n).

contends that the factual allegations against Griffith are separate and distinct from the allegations against the other defendants. While plaintiffs do not dispute that all claims against Griffith have been dismissed, plaintiffs contend that their claims against all defendants are based upon the same core of operative facts and thus, the case more appropriately lends itself to one appeal.

Although this case has been extensively briefed, this is not a uniquely complicated case. As such, granting defendant Griffith's Rule 54(b) request does not comport with the interests of sound judicial administration. See Wood, 422 F.3d at 879 (reversing the district court's Rule 54(b) certification in a "routine" employment discrimination case). Moreover, while the specific facts relating to plaintiffs' claims against defendant Griffith may differ from the specific facts relating to the other named defendants, all of plaintiffs' claims arise out of the detention of the minor children, the removal of the children from their mother's custody, the placement of the children in the Coy home, and the abuse suffered by at least one of the minor children at the Coy home. As such, there is a common core of facts that are relevant to all of plaintiffs' claims against all defendants such that a piecemeal appeal is not justified in this case.

/////
/////
/////
/////
/////

1      Therefore, defendant Griffith's motion for final judgment
2 pursuant to Rule 54(b) is DENIED.
3      IT IS SO ORDERED.
4 DATED: September 6, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE