UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M., | |
| | NO. CIV. S-05-0909 FCD DAD |
| Plaintiffs, | |
| v. | AMENDED MEMORANDUM AND ORDER |
| LASSEN COUNTY, CALIFORNIA, et al., | |
| Defendants. _____/ | |

----oo0oo----

This matter is before the court on plaintiffs' emergency motion to stay this matter until the Ninth Circuit Court of Appeals issues its en banc decision in the matter of Beltran v. Santa Clara County, — F.3d. —, 2007 WL 3010640 (9th Cir. Oct. 17, 2007) (granting petition for rehearing en banc). Defendants

/////

/////

oppose the motion.  For the reasons set forth below,[1] plaintiffs' motion is GRANTED.

## BACKGROUND[2]

This case arises out of the removal of plaintiff Amy McConnell's four minor children from her custody and their placement in foster care, where at least one of the minor children was sexually abused.  On May 10, 2005, plaintiffs filed a complaint in this court, alleging claims under § 1983 for violations of their Fourteenth Amendment rights to family integrity and due process as well as related state law claims.  Plaintiffs brought claims against Lassen County, the Board of Supervisors of Lassen County, the social workers assigned to their case, the foster care agency, and the wife of the perpetrator of the abuse.

On June 29, 2007, the court issued a Memorandum and Order (the "Order"), granting in part and denying in part defendants' motions for summary judgment.  (Mem. & Order ("Order") [Docket # 181], filed June 29, 2007).  The court held that there was a triable issue of fact regarding plaintiffs' § 1983 claims against defendant Terry Chapman, a social worker assigned to plaintiffs' case, arising out of the pre-hearing detention of the minor children.  (Id. at 33-41).  The court granted defendants' motions for summary judgment with respect to the remainder of plaintiffs'

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[2] The facts of this case are set forth in the court's Memorandum and Order, filed June 29, 2007.  (Mem. & Order ("Order") [Docket # 181], filed June 29, 2007, at 2-15).

2

claims. The court's grant of summary judgment regarding plaintiffs' § 1983 claims against defendant Terry Chapman arising out of the post-hearing detention of the minor children was based in part on the applicability of absolute immunity.

On October 17, 2007, the Ninth Circuit ordered the case of Beltran v. Santa Clara County to be reheard by an en banc court. Beltran v. Santa Clara County, — F.3d. —, 2007 WL 3010640. This court relied on the three judge panel's opinion in Beltran, 491 F.3d 1097 (9th Cir. 2007), in its June 29 Order in its discussion of whether defendant Terry Chapman was entitled to absolute immunity. Plaintiffs now seek a stay of this action pending the Ninth Circuit's en banc decision in Beltran.

**STANDARD**

A district court has the discretionary power to control the disposition of the cases on its docket "in a manner which will promote economy of time and effort for itself, for counsel, and for the litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). How these objectives can be achieved "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55; see Lockyer v. Miran Corp., 398 F.3d 1098, 111o (9th Cir. 2005) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."). Such competing interests include "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268.  If there exists even a fair possibility that the stay requested by a litigant will work damage to someone else, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255; Lockyer, 398 F.3d at 1110-11.

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Lockyer, 398 F.3d at 1111 (quoting Levya v. Certified Grocers of Cal., Ltd., 593 F.2d 857, 863-64 (9th Cir. 1979); see Landis, 299 U.S. at 255 (rejecting as "too mechanical and narrow" the view that there is no power to stay a proceeding upon the outcome of a controversy to which the litigant is a stranger).  These separate proceedings may be judicial, administrative, or arbitral in nature, and proper imposition of a stay does not require that the issues in such separate proceedings are necessarily controlling of the action before the court.  Id. (quoting Levya, 593 F.2d at 863-64).  However, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." Id. (quoting Levya, 593 F.2d at 864).

**ANALYSIS**

Plaintiffs request a stay of this pending action in light of the Ninth Circuit's grant of a petition to rehear the Beltran case en banc.  Plaintiffs contend that this pending decision is

4

material to their case because the court relied on Beltran in its Order granting in part and denying in part defendants' motion for summary judgment.  Defendants oppose the stay, arguing that the issues raised by Beltran are narrow and irrelevant to both this court's prior holdings and this case in general.

The issues raised by the parties in Beltran, both in the Petition for Rehearing and Rehearing En Banc and the Response to Petition for Rehearing En Banc, are broad in scope and material to aspects of the court's prior holdings in this case. (See Ex. A to Def.'s Opp'n to Pls.' Mot. to Stay ("Def.'s Opp'n"), filed Nov. 13, 2007).  Contrary to defendants' assertions, the Beltran parties present arguments not only relating to the specific functions performed by the social workers in that case, but also concerning the propriety of the scope of absolute immunity afforded social workers under current Ninth Circuit law. Specifically, the appellants in Beltran contend that the en banc court should not only reverse the three-judge panel's decision in Beltran, but should also overturn the holdings in Doe v. Lebbos, 348 F.3d 820 (9th Cir. 2003), Meyers v. Contra Costa County Department of Social Services, 812 F.2d 1154 (9th Cir. 1987), and Coverdell v. Department of Social and Health Services, 834 F.2d 758 (9th Cir. 1987).  (Petition for Rehearing, Ex. A to Def.'s Opp'n, at 3, 7 n.6).  The appellants assert that these cases improperly expand the scope of judicial immunity and are at odds with both Supreme Court precedent and the Ninth Circuit's decision in Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003). Conversely, the appellees contend that the three judge panel properly applied absolute immunity to the social workers in their

prior decisions and in the <u>Beltran</u> case.  (Response to Petition, Ex. A to Def.'s Opp'n, at 6-12).

In its June 29 Order, the court relied, inter alia, on the Ninth Circuit's decisions in <u>Beltran</u> and <u>Lebbos</u> in holding that defendant Terry Chapman was absolutely immune from liability for his actions taken during and after the juvenile court hearing. (Order at 41-42).  As such, the en banc decision in <u>Beltran</u> is likely to materially affect the court's summary judgment order with respect to defendant Terry Chapman.  Even if the en banc decision affirms the three judge panel's decision, it will likely give additional clarification and guidance on the scope and applicability of absolute immunity to social workers.  Such further explanation may inform the potential liability of defendant Terry Chapman.

Based upon this court's June 29 Order, the only triable issues of fact relate to the liability of defendant Terry Chapman for detaining the children prior to the juvenile court hearing. If the stay is not granted and the en banc decision in <u>Beltran</u> changes or clarifies the scope of absolute immunity, the parties could be faced with the prospect of another jury trial by the same plaintiffs against the same defendant based upon a common, or at least overlapping, set of facts.  This would not only create inefficiencies for the court, but would also result in the needless expenditure of time and resources by the parties.

Further, the Ninth Circuit has calendared the <u>Beltran</u> matter for oral argument on December 11, 2007 at 11:30 a.m.  (Status of Pending En Banc Cases, Nov. 13, 2007, <u>at</u> http://www.ca9.uscourts.gov/ca9/Documents.nsf/174376a6245fda78882

56ce5007d5470/a59aac6c107bc187882572c2005d1b26?OpenDocument). While noting that there is no time limit, the Ninth Circuit estimates that most cases are decided within three months to a year from oral argument.  (The Most Frequently Asked Questions of U.S. Court of Appeals for the Ninth Circuit, Updated March 5, 2007, available at http://www.ca9.uscourts.gov).  As such, a decision from the en banc court is expected within a reasonable period of time.  See Landis, 299 U.S. at 259 (finding that a decision may be expected within a reasonable time and a stay was warranted where, in the separate proceeding the briefs had been prepared and the case had been argued on the merits).

Moreover, defendants have failed to identify a significant hardship that would be brought about by the stay of this action. Defendants argue that they have had this case "hanging over their heads since December 2004 when the tort claim was filed." (Def.'s Opp'n at 5).[3]  While the court is not unsympathetic to the strain of litigation, this burden is not sufficient to outweigh the cost and inefficiency of potentially holding two trials in this matter.  Therefore, after weighing the competing interests and hardships, the court in its sound discretion orders this action STAYED in its entirety pending the Ninth Circuit's en banc decision in the matter of Beltran v. Santa Clara County.

---

[3] Defendants appear to argue that this action could be stayed indefinitely if the Beltran matter is appealed to the Supreme Court.  This issue is not presently before the court and as such, will not be addressed.  See Landis, 299 U.S. at 257 ("If a second stay is necessary during the course of an appeal, the petitioners must bear the burden, when that stage shall have arrived, of making obvious the need.").

The court notes, however, that the impact of Beltran is not so far reaching as asserted by plaintiffs.  Plaintiffs contend that the en banc decision in Beltran would also affect the liability of defendant Loel Griffith and defendant Lassen County. Plaintiffs are incorrect.  The court's grant of summary judgment in favor of defendant Loel Griffith was not based upon the application of absolute immunity.  While the court noted in a footnote that defendant Griffith would also be entitled to absolute immunity for her conduct, the basis for the court's holding was that plaintiffs failed to demonstrate that Griffith had the authority to reunite the plaintiffs and that plaintiffs failed to substantiate any of their claims against Griffith with admissible evidence.  (Order at 22-29).  This stay does not afford plaintiffs a second bite at the apple to meet that burden.

Similarly, the court granted summary judgment in favor of defendant Lassen County because plaintiffs failed to adduce any admissible evidence that defendant Lassen County had a policy of non-compliance.  (Order at 45-50).[4]  The court's analysis did not hinge on an application of absolute immunity to Lassen County

---

[4] In their reply brief, plaintiffs also assert that Beltran may affect their ability to press a claim based upon an alleged policy of Lassen County to play a "shell game with its social workers" by assigning different social workers to each different aspect of a case.  This theory was not alleged against Lassen County in plaintiffs' complaint, nor was it argued in their opposition to defendants' motions for summary judgment. This stay does not by itself justify amendment to the complaint. Moreover, as set forth *infra*, the extent of absolute immunity afforded social workers does not affect the court's determination that plaintiffs failed to proffer admissible evidence of a pattern or practice of non-compliance by Lassen County.

8

social workers.[5] Plaintiffs appear to argue that if defendant Terry Chapman is no longer immune for his actions, defendant Lassen County is also liable for his actions under § 1983. This argument is implicitly premised upon a theory of *respondeat superior* liability. However, the law is well settled that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Rather, municipal liability must be premised upon a showing that the municipality had a policy that amounts to deliberate indifference to a constitutional right and that the policy was the moving force behind the violation of that right. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Plaintiffs failed to substantiate their claims against the County with any admissible evidence; again, this stay does not operate to give plaintiffs a second chance to correct their prior insufficiencies.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for a stay of this action pending the Ninth Circuit's en banc decision in Beltran v. Santa Clara County is GRANTED.

IT IS SO ORDERED.

DATED: November 26, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[5] In fact, there is no mention of absolute immunity in the court's discussion of the viability of plaintiffs' claims against defendant Lassen County.

9