1
2
3
4
5
6
7
8
9                      UNITED STATES DISTRICT COURT
10                    EASTERN DISTRICT OF CALIFORNIA
11
                              ----oo0oo----
12
13
   AMY McCONNELL and AMY
14 McCONNELL on behalf of her
   four minor children, A.B.,
15 A.B. J.M. and J.M.,
                                    NO. CIV. S-05-0909 FCD DAD
16        Plaintiffs,

17      v.                          MEMORANDUM AND ORDER

18 LASSEN COUNTY, CALIFORNIA, et
   al.,
19
          Defendants.
20 _____/

21                            ----oo0oo----

22      This matter is before the court on plaintiffs' motion for

23 reconsideration of this court's June 29, 2007 Memorandum and

24 Order (the "June 29 Order") pursuant to Eastern District Local

25 Rule 78-230(k) and Rule 54(b)[1] of the Federal Rules of Civil

26 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27      [1]   In their moving papers, plaintiffs inappropriately
   state that they bring this motion pursuant to Rule 60(b) of the
28 Federal Rules of Civil Procedure.  However, Rule 60(b) provides
   the procedural rule for filing a motion for relief from *final
   judgment*, and is therefore, not applicable.  See Balla v. Idaho
                                                      (continued...)

Procedure. Defendants oppose the motion. For the reasons set forth below,[2] plaintiffs' motion is GRANTED in part and DENIED in part.

## BACKGROUND[3]

This case arises out of the removal of plaintiff Amy McConnell's four minor children from her custody and their placement in foster care, where at least one of the minor children was sexually abused. On May 10, 2005, plaintiffs filed a complaint in this court, alleging claims under § 1983 for violations of their Fourteenth Amendment rights to family integrity and due process as well as related state law claims. Plaintiffs brought claims against Lassen County, the Board of Supervisors of Lassen County, the social workers assigned to their case, the foster care agency, and the wife of the perpetrator of the abuse.

On June 29, 2007, the court issued a Memorandum and Order, granting in part and denying in part defendants' motions for summary judgment. (June 29 Order). The court held that there was a triable issue of fact regarding plaintiffs' § 1983 claims

---

[1](...continued)
State Bd. of Corrections, 869 F.2d 461, 466-67 (9th Cir. 1989). The court's June 29 Order granted in part and denied in part defendants' motions for summary judgment. Therefore, Rule 54(b) provides the appropriate procedural rule for this motion, as the court's order adjudicated "fewer than all the claims . . . of fewer than all the parties." Fed. R. Civ. Proc. 54(b).

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[3] The facts of this case are set forth in the court's Memorandum and Order, filed June 29, 2007. (June 29 Order [Docket # 181], filed June 29, 2007, at 2-15).

2

against defendant Terry Chapman, a social worker assigned to plaintiffs' case, arising out of the pre-hearing detention of the minor children. (Id. at 33-41). The court granted defendants' motions for summary judgment with respect to the remainder of plaintiffs' claims. The court's grant of summary judgment regarding plaintiffs' § 1983 claims against defendant Terry Chapman arising out of the post-hearing detention of the minor children was based in part on the applicability of absolute immunity.

On October 17, 2007, the Ninth Circuit ordered the case of Beltran v. Santa Clara County to be reheard by an en banc court. Beltran v. Santa Clara County, 505 F.3d. 1006 (9th Cir. 2007). This court relied on the three judge panel's opinion in Beltran, 491 F.3d 1097 (9th Cir. 2007), in its June 29 Order in its discussion of whether defendant Terry Chapman was entitled to absolute immunity. The court issued a stay pending the Ninth Circuit's en banc decision in Beltran. On January 24, 2007, the Ninth Circuit issued its en banc decision, overruling Doe v. Lebbos, 348 F.3d 820, (9th Cir. 2003), and reversing the district court's determination that the defendants were entitled to absolute immunity. Beltran v. Santa Clara, 514 F.3d 906 (9th Cir. 2008). Plaintiffs now seek the court to reconsider its prior order on their motion for summary judgment in light of the en banc Beltran decision.

**STANDARD**

An order that resolves fewer than all of the claims among the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and

3

liabilities of all the parties." Fed. R. Civ. P. 54(b); E.D. Cal. L.R. 78-230(k) (authorizing motions for reconsideration of "any motion [that] has been granted or denied in whole or in part"). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000). Generally stated, reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice. See Sch. Dist. No. 1J Multnomah County, Oregon v. ACANDS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the absence of new evidence or a change in the law, which is the case here, a party may not use a motion for reconsideration to present new arguments or claims not raised in the summary judgment motion. See 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." United States v. Navarro, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

/////

4

**ANALYSIS**

**A.   Defendant Terry Chapman**

Plaintiffs contend that the court should reconsider its grant of summary judgment on some of their claims brought against defendant Terry Chapman ("T. Chapman").  In its June 29 Order, the court held that there were triable issues of fact regarding plaintiffs' § 1983 claims arising out of the pre-hearing detention of the minor children.  This claim includes plaintiffs' challenge to the adequacy of the initial investigation.  However, the court granted summary judgment on plaintiffs' § 1983 claims arising out of the post-hearing detention of the minor children based, in part, on the applicability of absolute immunity.  It is these latter claims that the court must review in light of the Ninth Circuit's en banc decision in Beltran.

In Beltran, the Ninth Circuit restated that state actors are granted absolute immunity "only for those functions that are critical to the judicial process itself."  514 F.3d at 908 (quoting Miller v. Gammie, 335 F.3d 889, 896 (9th Cir. 2003).  The Beltran court also expressly overruled the Ninth Circuit's prior ruling in Doe v. Lebbos, which held that a social worker was absolutely immune for her actions in investigating and presenting evidence to the dependency court.  Id.  The Beltran court clarified that social workers are entitled to absolute immunity when making "discretionary, quasi-prosecutorial decision to institute court dependency proceedings to take custody away from parents."  Id. (quoting Miller, 335 F.3d at 898).  However, social workers are not entitled to immunity from claims that they fabricated evidence during an investigation or made false

5

statements in a dependency petition. Id. Moreover, social workers have no immunity for claims arising out of their investigation. Id.

Plaintiffs assert that defendant T. Chapman violated their constitutional rights after the juvenile court hearing by (1) failing to make face to face contact with the children in foster care; (2) failing to adequately investigate the circumstances of the foster home and the children after they were removed from their mother; and (3) failing to prepare a case plan within the statutory time period. Under the Ninth Circuit's holding in Beltran, none of this conduct is covered by absolute immunity. Further, review of the underlying evidence submitted by plaintiffs in opposition to defendant T. Chapman's motion for summary judgment reveals a triable issue of fact on these issues. Specifically, plaintiffs present evidence that defendant T. Chapman did not enter any visit of result of a visit to the childrens' foster home into the log. (TDF ¶ 36.)[4] Plaintiffs also present evidence that Judi Oliviera, whom T. Chapman states was present at the visit, does not recall T. Chapman visiting the Coy home at all. (Id.) Further, the social worker who took over the McConnell case found no placement visits by T. Chapman or any social worker to the Coy home. (Id.) Moreover, plaintiffs present evidence that a case plan was not prepared until August,

---

[4] The court has reviewed the evidence submitted by the parties in support of and in opposition to the motions for summary judgment. (Pls.' Am. Objection to Def. T. Chapman and Lassen County's Stmt. of Undisp. Facts ("TUF"), filed May 22, 2007; Pls.' Stmt. of Undisp. Facts in Supp. of Pls.' Objection to Def. T. Chapman and Lassen County's Mot. ("TDF"), filed May 21, 2007.)

6

months after the juvenile court hearing.  (Id. ¶ 37.)  A reasonable trier of fact could find that defendant T. Chapman's action or inaction after the juvenile court hearing violated plaintiffs' constitutional rights.[5]  As such, the court reconsiders its prior grant of summary judgment on plaintiffs' § 1983 claim against defendant T. Chapman arising out of the (1) failure to make face to face contact with the children in foster care; (2) failure to adequately investigate the circumstances of the foster home and the children after they were removed from their mother; and (3) failure to prepare a case plan within the statutory time period.[6]

Defendants contend that the Ninth Circuits holding in Mabe v. San Bernardino County, 237 F.3d 1101, 1109 (9th Cir. 2001), has not been overruled by the Beltran decision, and thus, the court's prior grant of summary judgment is not affected.  Defendants are incorrect.  In Mabe, the Ninth Circuit held that social workers were immune from plaintiff's allegations that they did not conduct the investigation properly and were allowed to submit false evidence to the juvenile court.  Id. at 1109.  In

---

[5] To the extent defendant T. Chapman raised the issue of qualified immunity in its prior motion, such immunity is inapplicable.  See Bhatti v. County of Sacramento, No. 06-16148, 2008 WL 2340470 (9th Cir. June 9, 2008); (see also June 29 Order at 38-41) (discussing the clearly established fundamental right of parents and children to live together)).

[6] The court does not reconsider its prior order as it relates to plaintiffs' § 1983 claims based upon ineffective assistance and coercion, as the court did not rely upon the application of absolute immunity in granting summary judgment on those claims.  Similarly, the court does not reconsider its prior order as it relates to plaintiffs' state law claims against defendant T. Chapman, as the court held those claims to be procedurally barred for failure to comply with the California Tort Claims Act.

it's summary judgment order, the court relied on the holding in Mabe, even though it was decided prior to Miller v. Gammie,[7] because of its consistency with subsequent Ninth Circuit decisions such as Doe v. Lebbos, 348 F.3d at 825-26, and Beltran v. Santa Clara County, 491 F.3d 1101-02.  Because these subsequent decisions have been explicitly overruled, the court finds that Mabe is similarly overruled for the proposition previously relied upon by the court.

In their motion for reconsideration, plaintiffs also assert that defendant T. Chapman should be held liable for submitting false evidence to the juvenile court during the initial dependency hearing.  While defendant would not be entitled to absolute immunity for such conduct, plaintiffs have failed to present evidence that defendant T. Chapman submitted false reports.  Rather, the undisputed evidence demonstrates that Miriam de Cross prepared the Detention report at issue.  (TDF ¶ 19.)  As such, plaintiffs do not have an actionable claim arising out of the submission of false reports.[8]

Therefore, plaintiffs' motion for reconsideration regarding their claims against defendant T. Chapman is GRANTED in part and DENIED in part.

---

[7] The Mabe opinion was rendered two years prior to the Ninth Circuit's decision in Miller v. Gammie, 335 F.3d 889, which rejected the application of blanket absolute immunity for social workers, and held that such immunity only applied for those functions necessary to the judicial process.

[8] However, to the extent plaintiffs contend that the alleged false report was based solely defendant T. Chapman's purported inadequate investigation, the report may be relevant as to plaintiffs' claims against defendant T. Chapman.  The report also may be relevant to plaintiffs' claims against defendant Lassen County, as set forth *infra*.

**B.    Defendant Loel Griffith**

Plaintiffs also contend that the court should reconsider its grant of summary judgment on their claims brought against defendant Loel Griffith ("Griffith").  In its June 29 Order, the court granted summary judgment on all of plaintiffs' claims against Griffith because plaintiffs failed to submit any evidence to support such claims.  As such, the court's ruling was not based upon the applicability of immunity.

Plaintiffs argue that they should be allowed to bring claims against defendant Loel Griffith on the grounds that she submitted inaccurate and misstated information about drug testing to the juvenile court.  Plaintiffs assert that they did not previously bring such claims because they believed defendant Griffith was absolutely immune from such conduct.  Plaintiffs' assertion is belied by the arguments submitted by plaintiffs in opposition to the motion for summary judgment.  Plaintiffs expressly argued that defendant Griffith violated their rights by not disclosing that drug tests were performed improperly.  After review of the evidence, the court found that plaintiffs' assertion that the drug tests were improperly performed was without evidentiary support.  (See June 29 Order at 25-27.)  Plaintiffs have failed to submit any further evidence in conjunction with their motion for reconsideration to substantiate their claims that defendant Griffith submitted false information regarding drug testing to the court.

Therefore, plaintiffs' motion for reconsideration regarding their claims against defendant Griffith is DENIED.

/////

**C.   Defendant Lassen County**

Finally, plaintiffs contend that the court should reconsider its grant of summary judgment on their claims brought against defendant Lassen County. In its June 29 Order, the court granted summary judgment on all of plaintiffs' claims against Lassen County because plaintiffs failed to submit any admissible evidence to support such claims. As such, the court's ruling was not based upon the applicability of immunity. However, in support of their motion for summary judgment, plaintiffs submit the official Grand Jury Final Reports of Lassen County for the years 2001-2002 and 2002-2003. The court will take judicial notice of these documents. See United States v. Ritchie, 342 F.3d 903, 909 (9th Cir. 2003) ("Courts may take judicial notice of some public records, including the records and reports of administrative bodies.") (internal citations and quotations omitted).[9]

Plaintiffs assert that defendant Lassen County violated their constitutional rights through a policy of non-compliance, including failure to adequately train CPS employees, failure to provide case plans within sixty days, failure to conduct reasonable investigations, and submission of false and unverified accusations. Plaintiffs argue that these policies, that were applied to them, caused the violations of their Fourteenth Amendment rights.

---

[9] Defendant asserts that these reports are unauthenticated hearsay. The official Grand Jury Final Reports are self-authenticating pursuant to Federal Rule of Evidence 902 and are an exception to the hearsay rule pursuant to Federal Rule of Evidence 803(8).

10

1    Under Monell and its progeny, a plaintiff may hold a
2 municipality liable under section 1983 if his injury was
3 inflicted pursuant to a County's policy, regulation, custom, or
4 usage.  Chew v. Gates, 27 F.3d 1432, 1444 (9th Cir. 1994) (citing
5 Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91, 694
6 (1978)).  To establish liability, a plaintiff must show

>     (1) she was deprived of a constitutional right; (2) the
>     County had a policy; (3) the policy amounted to a
>     deliberate indifference to her constitutional right;
>     and (4) the policy was the "moving force behind the
>     constitutional violation."

10 Mabe, 237 F.3d at 1110-1111 (quoting Van Ort v. Estate of
11 Stanewich, 92 F.3d 831. 835 (9th Cir. 1996)).

12    The 2001-2002 Grand Jury Final Report submitted by
13 plaintiffs demonstrate that the grand jury found that Lassen
14 County Child Protective Services ("CPS") suffered from system-
15 wide policy problems, including (1) failure to perform mandated
16 visits; (2) failure to complete the required, appropriate, and
17 available training; (3) lack of a formal procedure to document
18 training records; and (4) a lack of policy and procedure manual
19 in place for staff to use as a reference.  (Grand Jury Final
20 Report 2001-2002, Ex. 1 to Pls.' Reply, filed May 29, 2008, at
21 8.)  The grand jury also found that Lassen County management was
22 not able "to consistently ensure that the caseworkers meet the
23 investigatory and documentary requirements necessary to provide
24 clear, factual reports to the court."  (Id. at 9.)  Moreover, the
25 grand jury found that there was a lack of clear standards
26 employed by caseworkers "in removing children from home, in
27 moving children already in custody, or placement of children."
28 (Id.)  The 2002-2003 grand jury found similar systemic problems

11

in Lassen County CPS.  Specifically, the grand jury found that "CPS has been written up by Grand Juries since 1989 on some of the same matters and nothing apparently has been done to date." (Grand Jury Final Report 2002-2003, Ex. 2 to Pls.' Reply, filed May 29, 2008, at 17).  In fact, the 2002-2003 Grand Jury Final Report is preceded by a special introduction, providing that the investigation into Lassen County CPS took up the majority of the grand jury's time, to the exclusion of investigations into other departments.  Based upon this evidence and the evidence previously submitted by plaintiffs in opposition to defendant Lassen County's motion for summary judgment, a reasonable trier of fact could find that defendant Lassen County's policies were the moving force behind the violation of plaintiffs' constitutional rights.[10]

The court notes that the basis for its reconsideration of its prior grant of summary judgment on plaintiffs' claims against defendant Lassen County is not based upon the Ninth Circuit's en banc decision in Beltran, but rather upon the new evidence submitted by plaintiffs in support of their motion.  Pursuant to Federal Rule of Civil Procedure 54(b), the court has "inherent jurisdiction to modify, alter or revoke" non-final orders. Martin, 226 F.3d at 1048-49.  In light of the evidence submitted by plaintiffs, the court finds that failure to reconsider its

---

[10] Plaintiffs argue that they should be allowed to assert a new claim based upon Lassen County's policy of allowing social workers to sign court documents without personal knowledge of the underlying events.  This is not a new claim, but is rather encompassed in plaintiffs' original claims against Lassen County, which alleged a policy of submitting false and unverified accusations.  However, as set forth above, plaintiffs have raised a triable issue of fact regarding this claim.

12

prior order would "work a manifest injustice." <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988) (stating that while "a court has the power to revisit prior decisions of its own," it should generally refrain from doing so, absent a showing that the ruling was "clearly erroneous" or would work a "manifest injustice"); <u>see also</u> <u>Sch. Dist. No. 1J Multnomah County, Oregon</u>, 5 F.3d at 1263. Moreover, the court finds that consideration of the these reports would not be prejudicial to defendant Lassen County as it was on notice of such reports from the time of distribution. (<u>See</u> Grand Jury Final Report 2001-2002 at x; Grand Jury Final Report 2002-2003 at v.) As such, the court exercises this discretion in considering the official grand jury reports submitted by plaintiffs and in reversing its previous grant of summary judgment in favor of defendant Lassen County with respect to plaintiffs' § 1983 claims.[11]

Therefore, plaintiffs' motion for reconsideration regarding their claims against defendant Griffith is DENIED.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for reconsideration is GRANTED in part and DENIED in part. Triable issues of fact remain for determination at trial on the following claims:

/////

/////

/////

---

[11] The court does not reconsider its prior order as it relates to plaintiffs' state law claims against defendant Lassen County, as the court held those claims to be procedurally barred for failure to comply with the California Tort Claims Act.

13

(1) Plaintiffs' § 1983 claims against defendant Terry Chapman, except to the extent such claims are based on ineffective assistance or coercion;

(2) Plaintiffs' § 1983 claims against defendant Lassen County.

IT IS SO ORDERED.

DATED: July 15, 2008

_____
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

14