UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY
McCONNELL on behalf of her
four minor children, A.B.,
A.B. J.M. and J.M.,

        Plaintiffs,

    v.

LASSEN COUNTY, CALIFORNIA, et
al.,

        Defendants.

_____/

NO. CIV. S-05-0909 FCD DAD

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on defendant Lassen County's motion for reconsideration of this court's July 15, 2008, Memorandum and Order (the "July 15 Order"), pursuant to Eastern District Local Rule 78-230(k) and Rule 54(b) of the Federal Rules of Civil Procedure, and defendant's motion for certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

1  Plaintiffs oppose both motions.  For the reasons set forth

2  below,[1] defendant's motions are DENIED.

3                        **BACKGROUND**[2]

4       This case arises out of the removal of plaintiff Amy

5  McConnell's four minor children from her custody and their

6  placement in foster care, where at least one of the minor

7  children was sexually abused.  On May 10, 2005, plaintiffs filed

8  a complaint in this court, alleging claims under § 1983 for

9  violations of their Fourteenth Amendment rights to family

10 integrity and due process as well as related state law claims.

11 Plaintiffs brought claims against Lassen County, the Board of

12 Supervisors of Lassen County, the social workers assigned to

13 their case, the foster care agency, and the wife of the

14 perpetrator of the abuse.

15      On June 29, 2007, the court issued a Memorandum and Order,

16 granting in part and denying in part defendant's motions for

17 summary judgment.  (Mem. & Order, filed June 29, 2007.)  The

18 court held that there was a triable issue of fact regarding some

19 of plaintiffs' § 1983 claims against defendant Terry Chapman, a

20 social worker assigned to plaintiffs' case.  The court granted

21 defendants' motions for summary judgment with respect to the

22 remainder of plaintiffs' claims.  The court's grant of summary

23 judgment regarding plaintiffs' § 1983 claims against defendant

24 _____

25      [1]   Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
26 E.D. Cal. Local Rule 78-230(h).

27      [2]   The facts of this case are set forth in the court's
   Memorandum and Order, filed June 29, 2007.  (June 29 Order
28 [Docket # 181], filed June 29, 2007, at 2-15).

                              2

1  Lassen County was based on plaintiffs' failure to submit any

2  admissible evidence to support such claims.

3       Subsequently, the court stayed the litigation, pending the

4  Ninth Circuit's en banc decision in <u>Beltran v. Santa Clara</u>, 514

5  F.3d 906 (9th Cir. 2008).   The court based the stay on its

6  conclusion that it was likely to materially affect the court's

7  summary judgment order with respect to defendant Terry Chapman.

8       On March 7, 2008, after the Ninth Circuit rendered its en

9  banc decision and the court lifted the stay, plaintiffs moved for

10 reconsideration pursuant to Eastern District Local Rule 78-230(k)

11 and Rule 54(b) of the Federal Rules of Civil Procedure.   On July

12 15, 2008, the court issued a Memorandum and Order, granting in

13 part and denying in part plaintiffs' motion for reconsideration.

14 (Mem. & Order, filed July 15, 2008.)   Due to the <u>Beltran</u> court's

15 holding, which overruled cases relied upon by the court in its

16 determination of defendants' motion for summary judgment, the

17 court held that plaintiffs had other actionable § 1983 claims

18 against defendant Terry Chapman.   (<u>Id.</u>)   Further, in support of

19 their motion, plaintiffs submitted the official Grand Jury Final

20 Reports of Lassen County for the years 2001-2002 and 2002-2003

21 ("Grand Jury Reports").   The order reversed the court's previous

22 grant of summary judgment in favor of defendant Lassen County

23 with respect to plaintiffs' § 1983 claims against Lassen County.

24 The court's reversal of summary judgment regarding plaintiffs' §

25 1983 claims against defendant Lassen County was based on its

26 finding that failure to reconsider its prior order would "work a

27 manifest injustice" in light of the evidence submitted by

28 plaintiffs.

1

**ANALYSIS**

2    **Motion for Reconsideration**

3         Defendant moves for reconsideration of the court's July 15

4    Order reversing summary judgment regarding plaintiffs' § 1983

5    claims against defendant.  Generally, an order that resolves

6    fewer than all of the claims among the parties "is subject to

7    revision at any time before the entry of judgment adjudicating

8    all the claims and the rights and liabilities of all the

9    parties."  Fed. R. Civ. P. 54(b); E.D. Cal. L.R. 78-230(k)

10   (authorizing motions for reconsideration of "any motion [that]

11   has been granted or denied in whole or in part").  Where

12   reconsideration of a non-final order is sought, the court has

13   "inherent jurisdiction to modify, alter or revoke it." <u>United</u>

14   <u>States v. Martin</u>, 226 F.3d 1042, 1048-49 (9th Cir. 2000).

15   Generally stated, reconsideration is appropriate where there has

16   been an intervening change in controlling law, new evidence has

17   become available, or it is necessary to correct clear error or

18   prevent manifest injustice.  <u>See</u> <u>Sch. Dist. No. 1J Multnomah</u>

19   <u>County, Oregon v. ACANDS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir.

20   1993).

21   **A.   Court's Authority to Reconsider based on Manifest Injustice**

22        Defendant contends that the court erred in granting

23   plaintiffs' motion for reconsideration because plaintiffs

24   presented no newly discovered evidence in support of their

25   motion.  However, the court reconsidered its prior summary

26   judgment order with respect to defendant Lassen County in order

27   to prevent manifest injustice and did not base its decision on

28   plaintiffs' submission of newly discovered evidence.  The court

4

1 has discretion to modify non-final orders in the interest of

2 preventing manifest injustice.  <u>Christianson v. Colt Indus.</u>

3 <u>Operating Corp.</u>, 486 U.S. 800, 817 (1988) (stating that while "a

4 court has the power to revisit prior decisions of its own," it

5 should generally refrain from doing so, absent a showing that the

6 ruling was "clearly erroneous" or would work a "manifest

7 injustice"); <u>see also</u> <u>Sch. Dist. No. 1J Multnomah County, Oregon</u>,

8 5 F.3d at 1263.  The court exercised this discretion in its July

9 15 Order.  Moreover, the court found that consideration of the

10 Grand Jury Reports would not be prejudicial to defendant Lassen

11 County as it was on notice of such reports from the time of

12 distribution.  (<u>See</u> Grand Jury Final Report 2001-2002 at x; Grand

13 Jury Final Report 2002-2003 at v.)  As such, defendant's

14 assertion that the court should reconsider its order because it

15 did not have the legal authority to reconsider its prior order is

16 without merit.

17 **B.    The Grand Jury Reports**

18     Defendant contends that the Grand Jury Reports cannot

19 provide the basis for the court's reversal of its earlier grant

20 of summary judgment regarding plaintiffs' § 1983 claims against

21 defendant Lassen County because they are hearsay subject to no

22 exception.  As an initial matter, the reports are not necessarily

23 offered solely for their truth, but also to demonstrate the

24 effect on the listener.  Defendant Lassen County's receipt of

25 these reports and subsequent action or inaction, regardless of

26 the truth of the contents, may be probative of plaintiffs' claims

27 regarding a policy or practice of non-compliance.

28

1    To the extent the reports are offered for their truth, they

2 are hearsay as defined by Federal Rule of Evidence 801.  However,

3 pursuant to Rule 803, certain types of out of court statements

4 are not excluded by the hearsay rule, even though the declarant

5 may be available as a witness.  Specifically, Rule 803(8)(C)

6 excludes from the hearsay rule various public investigatory

7 reports, including:

8          [r]ecords, reports, statements, or data compilations,
           in any form, of public offices or agencies, setting
9          forth . . . (C) in civil actions and proceedings . . .
           factual findings resulting from an investigation made
10         pursuant to authority granted by law, unless the
           sources of information or other circumstances indicate
11         a lack of trustworthiness.

12 "Justification for the exception is the assumption that a public

13 official will perform his duty properly and the unlikelihood that

14 he will remember details independently of the record."  (Fed. R.

15 Evid. 803(8) advisory committee's note.)

16    Evaluative reports under Rule 803(8)(C) may include factual

17 findings and any conclusions or opinions that are based on a

18 factual investigation.  Beech Aircraft Corp. v. Rainey, 488 U.S.

19 153, 170 (1988).  In Beech, the Court considered whether a Judge

20 Advocate General Report containing conclusions and opinions could

21 be admitted pursuant to Rule 803(8)(C).  The Court identified a

22 two-factor test for admissibility: "As long as the conclusion is

23 [1] based on a factual investigation and [2] satisfies the Rule's

24 trustworthiness requirement, it should be admissible along with

25 other portions of the report."  Beech, 488 U.S. at 170.  Because

26 the trial judge determined that certain conclusions contained in

27 the JAG Report, including those based upon information gained

28

1  from eyewitnesses, were trustworthy, the Court admitted those

2  conclusions.  Id. at 159 n.2, 170.

3      Pursuant to California Penal Code Section 933, county grand

4  juries have the authority and duty to investigate appropriate

5  subjects and prepare reports including findings and

6  recommendations.  Such evaluative reports are based on a factual

7  investigation and are thus admissible subject to the

8  trustworthiness requirement of Rule 803(8)(C).  Defendant

9  concedes the applicability of Rule 803(8)(C), but contends that

10 the reports should be excluded as untrustworthy.

11      **1.  Trustworthiness**

12      Defendant contends the Grand Jury Reports are untrustworthy

13 due to the grand jury's lack of specialized skill or experience,

14 the information relied upon by the grand jury, and the secrecy of

15 grand jury proceedings.

16      Rule 803(8)(C) "assumes admissibility [of 803(8)(C) reports]

17 in the first instance but with ample provision for escape if

18 sufficient negative factors [regarding trustworthiness] are

19 present."  (Fed. R. Evid. 803(8) advisory committee's note.)  The

20 advisory committee proposed a nonexclusive list of four factors

21 which are helpful in determining trustworthiness: "(1) the

22 timeliness of the investigation, (2) the special skill or

23 experience of the official, (3) whether a hearing was held and

24 the level at which [it was] conducted, and (4) possible

25 motivation problems."[3]  (Fed. R. Evid. 803(8) advisory

26

27      [3]    See Palmer v. Hoffman, 318 U.S. 109 (1943)(holding
28 report prepared for purpose of litigation inadmissible under Rule
   803(6)).

committee's note.)  "In light of the presumption of

admissibility, the party opposing the admission of the report

must prove the report's untrustworthiness."  <u>Moss v. Ole South</u>

<u>Real Estate, Inc.</u>, 933 F.2d 1300, 1305 (5th Cir. 1991).[4]

### a.    Skill & Experience

Defendant contends that the Grand Jury reports are

untrustworthy because of the grand jury's lack of skill and

experience.  However, this is not a case where specialized skill

or expertise was needed to interpret the relevant facts.  <u>Cf.</u>

<u>Fraley v. Rockwell Int'l Corp.</u>, 470 F. Supp. 1264, 1267 (SD Ohio

1979) (applying the trustworthiness requirement to hold

inadmissible a JAG Report on the causes of a Navy airplane

accident because the report "was prepared by an inexperienced

investigator in a highly complex field of investigation").  In

this case, the Grand Jury gathered information from a variety of

sources and summarized that evidence in the form of factual

findings.  The Grand Jury did not interpret the evidence in a

manner that would require expertise, but merely conducted a

factual investigation into the actions or inaction of Lassen

County CPS and reported those findings in a public document.

Further, these findings were based upon an extensive factual

investigation; the grand jury "spent the greater part of its year

in time and energy focusing on issues within Lassen Country

government."  (Grand Jury Final Report of Lassen County (2002-

2003).)

---

[4]    Defendant does not contest that the Grand Jury Reports
were timely or that hearings were sufficient.  Thus, the first
and third factors identified in the Advisory Committee Notes are
met.

Further, admission of the Grand Jury Reports "is also consistent with the Federal Rules' general approach of relaxing the traditional barriers to 'opinion' testimony.'"   See Beech, 488 U.S. at 169.   Experts may testify in the form of an opinion and even lay witnesses "may testify in the form of opinions or inferences drawn from her observations when testimony in that form will be helpful to the trier of fact."   Beech Aircraft Corp., 488 U.S. at 169 (referencing Federal Rules of Evidence 701-705).   A report chronicling the evidence gathered by the grand jury would be helpful to the trier of fact in this case. As such, the Grand Jury's alleged lack of specialized skill or expertise does not render the Grand Jury Reports untrustworthy.

### b.   Basis for the Reports

Defendant also contends that the reports are untrustworthy because the grand jury relied upon inadmissible hearsay evidence and because defendant is denied any "realistic opportunity . . . to defend against the conclusions of the Grand Jury" due to the secrecy of the proceedings.   (Def.'s Motion for Reconsideration and Req. for Stay 8.)   However, "[w]hether a conclusion is correct and whether the bases for that conclusion are complete and accurate are issues of credibility."   Moss, 933 F.2d at 1306-07.   The "[c]redibility of the report itself or the testimony in the report are not the focus" of the trustworthiness inquiry. Id. at 1307.   Rather, "the trial court is to determine primarily whether the report was compiled or prepared in a way that indicates that its conclusions can be relied upon."   Id.   The dispositive question is whether there is "some reasonable basis for the conclusions."   Id. at 1307 n.5.   "The absence of some

reasonable basis will, however, be unusual because of the nature of the reports covered by Rule 803(8)(C).

In this case, there is a reasonable basis for the conclusions reached by the grand jury.  The conclusions reached by the Grand Jury are based on its independent factual investigation, interviews with various government employees, and the statements of members of the Lassen County Board of Supervisors.  Contrary to defendant's assertions regarding secrecy, the Grand Jury reports disclose the bases for the Grand Jury's factual findings, conclusions, and recommendations.  Further, and again contrary to defendant's assertions, the Grand Jury Reports are not based solely on inadmissable hearsay.  The reports indicate that the Grand Jury conducted its own investigation and made its own first-hand observations with respect to the action and/or inaction of Lassen County CPS.  The Grand Jury also based the contents on statements made by officials of Lassen County and Lassen County CPS, which may be admissible as admissions by a party-opponent under Federal Rule of Evidence 801(d)(2).  Vazquez v. Lopez-Rosario, 134 F.3d 28, 35 (1st Cir. 1998) (admitting statements made by members of the Puerto Rico Marine Shipping Authority, a government agency, as party-opponent admissions).  Moreover, to the extent the Grand Jury's findings, conclusions, and recommendations are based upon hearsay, defendant has failed to offer any argument or evidence demonstrating that these sources are unreliable.  See Beech, 488 U.S. at 157 n.2, 170 (upholding the admission an investigator's report despite evidence that it was based, at least in part, on "information gained from eyewitnesses.")

10

1    Therefore, defendant has failed to meet its burden in
2    demonstrating that the Grand Jury Reports are untrustworthy.  As
3    such, the Grand Jury Reports are admissible pursuant to Rule
4    803(8)(C).
5         **2.   Double Hearsay**
6         Defendant also contends that the Grand Jury Reports are
7    admissible because they contain hearsay within hearsay.[5]
8    Defendant does not specify which sections of the Grand Jury
9    Reports contain double hearsay.  While defendant may object to
10   the admission of specific portions of the report that contain
11   statements of out of court declarants, any potentially
12   inadmissible portions do not render the reports inadmissible in
13   their entirety.[6]  Moss, 933 F.2d at 1310.  Further, to the extent
14   the underlying statements may fall within a separate hearsay
15   exception or exclusion, such as admissions by a party-opponent,
16   these statements may be admissible.  See Fed. R. Evid. 805.
17        **3.   Disproportionate Weight**
18        Finally, defendant contends that the trier of fact may give
19   the Grand Jury Reports too much weight.  However, this concern
20   can be addressed with a limiting instruction, and does not render
21   the reports inadmissible.  Moss, 933 F.2d at 1308.  While the
22   Grand Jury Reports must not supplant the fact-finding role of the
23   jury, this concern is present in "all trials in which experts
24
25        [5]   The court notes that this argument applies only to
     statements actually related in the reports and not to portions
26   that are based upon out of court statements.  As set forth above,
     the basis for an 803(8)(C) report relates to credibility, a
27   question of weight for the jury, not admissibility.
28        [6]   Further, these aspects of the report may be admissible
     for purposes other than their truth.

                                 11

1 testify as to their opinions.  To remedy the problem, the court

2 must carefully instruct the jury that it is the sole judge of the

3 facts and need not accept the conclusions of a report."  <u>Id.</u>

4 **B.   Interlocutory Appeal Under 28 U.S.C. § 1292(b)**

5       Defendant Lassen County also moves for certification of the

6 July 15 Order for immediate interlocutory appeal.  The general

7 rule is that an appellate court should not review a district

8 court ruling until after entry of a final judgment.  <u>Coopers &</u>

9 <u>Lybrand v. Livesay</u>, 437 U.S. 463, 474 (1978);  <u>In re Cement</u>

10 <u>Antitrust Litig.</u>, 673 F.2d 1020, 1026 (9th Cir. 1982), <u>aff'd</u> <u>sub</u>

11 <u>nom.</u> <u>Arizona v. Ash Grove Cement Co.</u>, 459 U.S. 1190 (1983); <u>see</u>

12 28 U.S.C. § 1291.  There is however, an exception to this general

13 rule:

> 14 When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> 15 shall be of the opinion that such order involves a
> controlling question of law as to which there is
> 16 substantial ground for difference of opinion and that
> an immediate appeal from the order may materially
> 17 advance the ultimate termination of the litigation, he
> shall so state in writing in such order.  The Court of
> 18 Appeals . . . may thereupon ... permit an appeal . . .
> if application is made to it within ten days . . . .
> 19

20 28 U.S.C. § 1292(b).  The party seeking certification of an

21 interlocutory appeal bears the burden of showing the presence of

22 those exceptional circumstances.  <u>Coopers & Lybrand</u>, 437 U.S. at

23 474-75.

24       Section 1292 identifies three factors that must be present

25 for the court to certify an appeal.  First, the issue to be

26 certified must involve a controlling issue of law.  An issue is

27 "controlling" if "resolution of the issue on appeal could

28 materially affect the outcome of litigation in the district

1  court." In re Cement Antitrust Litig., 673 F.2d at 1026 (citing

2  U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966)).

3  Second, there must be substantial ground for difference of

4  opinion on that issue.  A party's strong disagreement with the

5  court's ruling is not sufficient; the proponent of an appeal must

6  make some greater showing.  Kern-Tulare Water Dist. v.

7  Bakersfield, 634 F. Supp. 656, 667 (E.D. Cal. 1986), aff'd in

8  part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir.

9  1987).  Third, an interlocutory appeal must be likely to

10  materially speed the termination of the litigation.  This factor

11  is linked to whether an issue of law is "controlling" in that the

12  court should consider the effect of a reversal by the court of

13  appeals on the management of the case.  See In re Cement

14  Antitrust Litig., 673 F.2d at 1026.

15      Defendant asserts that the court did not have the authority

16  to reconsider its prior order granting defendant's motion for

17  summary judgment and that the Grand Jury Reports are

18  inadmissible.  As set forth above, the court acted within its

19  discretion to modify any non-final judgment to prevent manifest

20  injustice.  Further, as set forth above, the Grand Jury Reports

21  are admissible pursuant to Rule 803(8)(C), and defendant has

22  failed to substantiate any argument to the contrary.  Defendant

23  fails to cite to any split in authority or otherwise support its

24  claim that there is substantial ground for disagreement on these

25  issues.  As such, defendant has failed to satisfy the second

26  factor.  Moreover, certification would not materially speed the

27  termination of the litigation.  The parties have vigorously

28  litigated this case over the course of the last three years,

13

1  filing multiple motions.  The case is currently set for a jury

2  trial on November 18, 2008.  As such, defendant has failed to

3  satisfy the third factor justifying certification for

4  interlocutory appeal.  Accordingly, defendant has not

5  demonstrated exceptional circumstances, and its application for

6  certification is DENIED.

7                              **CONCLUSION**

8       For the foregoing reasons, defendant's motion for

9  reconsideration is DENIED.

10      IT IS SO ORDERED.

11  DATED: October 3, 2008

13                          _____
                            FRANK C. DAMRELL, JR.
                            UNITED STATES DISTRICT JUDGE

14