UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,

      Plaintiffs,

  v.

LASSEN COUNTY, CALIFORNIA, et al.,

      Defendants.

NO. CIV. S-05-0909 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendants Terry Chapman and Lassen County's motion to modify the pretrial scheduling order pursuant to Rule 16 of the Federal Rules of Civil Procedure to allow defendants to file another motion for

summary judgment. Plaintiffs oppose the motion. For the reasons set forth below,[1] defendants' motion is DENIED.

## BACKGROUND[2]

This case, now after almost four years of litigation, has a procedural history rife with dispositive motions and motions for reconsideration.[3] This case arises out of the removal of plaintiff Amy McConnell's four minor children from her custody and their placement in foster care, where at least one of the minor children was sexually abused. On May 10, 2005, plaintiffs filed a complaint in this court, alleging claims under § 1983 for violations of their Fourteenth Amendment rights to family integrity and due process as well as related state law claims. Plaintiffs brought claims against Lassen County, the Board of Supervisors of Lassen County, the social workers assigned to their case, the foster care agency, and the wife of the perpetrator of the abuse. The court granted in part and denied in part defendants' motions to dismiss.

On June 29, 2007, the court issued a Memorandum and Order, granting in part and denying in part defendant's motions for summary judgment. (Mem. & Order, filed June 29, 2007.) The court held that there was a triable issue of fact regarding some

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(n).

[2] The facts of this case are set forth in the court's Memorandum and Order, filed June 29, 2007. (June 29 Order [Docket # 181], filed June 29, 2007, at 2-15.)

[3] The court notes that defendants have also filed a motion for interlocutory appeal and a petition for a writ of mandamus to the Ninth Circuit.

of plaintiffs' § 1983 claims against defendant Terry Chapman, a social worker assigned to plaintiffs' case. The court granted defendants' motions for summary judgment with respect to the remainder of plaintiffs' claims. The court's grant of summary judgment regarding plaintiffs' § 1983 claims against defendant Lassen County was based on plaintiffs' failure to submit any admissible evidence to support such claims.

Subsequently, the court stayed the litigation, pending the Ninth Circuit's en banc decision in <u>Beltran v. Santa Clara</u>, 514 F.3d 906 (9th Cir. 2008). The court based the stay on its conclusion that it was likely to materially affect the court's summary judgment order with respect to defendant Terry Chapman.

On March 7, 2008, after the Ninth Circuit rendered its en banc decision and the court lifted the stay, plaintiffs moved for reconsideration pursuant to Eastern District Local Rule 78-230(k) and Rule 54(b) of the Federal Rules of Civil Procedure. On July 15, 2008, the court issued a Memorandum and Order, granting in part and denying in part plaintiffs' motion for reconsideration. (Mem. & Order, filed July 15, 2008.) Due to the <u>Beltran</u> court's holding, which overruled cases relied upon by the court in its determination of defendants' motion for summary judgment, the court held that plaintiffs had other actionable § 1983 claims against defendant Terry Chapman. (<u>Id.</u>) Further, in support of their motion, plaintiffs submitted the official Grand Jury Final Reports of Lassen County for the years 2001-2002 and 2002-2003 ("Grand Jury Reports"). The order reversed the court's previous grant of summary judgment in favor of defendant Lassen County with respect to plaintiffs' § 1983 claims against Lassen County.

1  The court's reversal of summary judgment regarding plaintiffs' §
2  1983 claims against defendant Lassen County was based on its
3  finding that failure to reconsider its prior order would "work a
4  manifest injustice" in light of the evidence submitted by
5  plaintiffs.
6      On July 31, 2008, defendant Lassen County filed a motion for
7  reconsideration and motion for interlocutory appeal regarding the
8  court's July 15, 2008 Order.  Defendant contended that the court
9  erred in applying the standard for a motion for reconsideration
10 and that the Grand Jury Reports relied upon by the court in
11 finding a triable issue of fact regarding plaintiffs' claims
12 against defendant Lassen County were inadmissible.  Defendant
13 Terry Chapman did not join in or bring a separate motion.  On
14 October 3, 2008, the court denied defendant Lassen County's
15 motions.  (Mem. & Order, filed Oct. 3, 2008.)
16     The court held a pretrial conference on October 20, 2008.
17 The court allowed the parties to file two early motions in limine
18 and instructed them to file a joint pretrial statement in
19 compliance with the court's orders.  On December 12, 2008, the
20 court held another pretrial conference.  The court explicitly
21 noted that the motion in limine filed by defendants was primarily
22 "a dispositive motion cloaked an in limine motion."  (Tr. [Docket
23 #274], filed Feb. 9, 2009, at 3:5-9.)  The court also noted that
24 the time for dispositive motions has passed.  (Id.)  The court,
25 however, took up the relevant merits of defendants' motion; it
26 was denied.  (Id. at 3:10-10:4.)  The court also denied
27 plaintiffs' motion.  (Id. at 12:11-15.)  The court set a
28 settlement conference for January 30, 2009, and a Final Pretrial

4

Conference for February 27, 2009, again instructing the parties to file a joint statement in compliance with the court's orders. The parties did not reach a settlement.

On February 10, 2009, defendants filed a motion to amend the pretrial scheduling order to allow them to file yet another dispositive motion in this case.

**STANDARD**

Pursuant to Rule 16(b), a pretrial order "may be modified only for good cause and with the judge's consent." The court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id.; see also Gestetner, 108 F.R.D. at 141.

**ANALYSIS**

Defendants Terry Chapman and Lassen County argue that they have demonstrated good cause to amend the scheduling order to allow the filing of a motion for summary judgment on the remaining claims because they had no reason to attack the factual basis of these claims prior to the Ninth Circuit's en banc Beltran decision.

5

1    Assuming arguendo that defendants did not have a reason to
2 file a dispositive motion prior to Beltran, they have not
3 demonstrated the requisite diligence to establish good cause.
4 Plaintiffs filed their motion for reconsideration in light of the
5 Beltran decision on March 7, 2008.  Defendants did not raise
6 these factual issues nor request to file another dispositive
7 motion in their opposition to plaintiffs' motion.  The court
8 issued its decision granting in part and denying in part
9 plaintiffs' motion for reconsideration on July 15, 2008.
10 Subsequently, defendant Lassen County filed a motion for
11 reconsideration and a motion for interlocutory appeal based upon
12 the court's order.  Notably, defendant Lassen County did not
13 raise these factual issues or request to file a dispositive
14 motion in these filings.  Defendant Terry Chapman, represented by
15 the same counsel as Lassen County, did not join in or bring a
16 separate motion.  Subsequently, the court held two pretrial
17 conferences.  At neither of these conferences did defendants
18 request to amend the scheduling order or file a dispositive
19 motion.

20    Now, almost a year after plaintiffs' filed their motion for
21 reconsideration in light of the Beltran decision, seven months
22 after the court issued its ruling on plaintiffs' motion, and
23 three weeks prior to the third pretrial conference, defendants
24 seek leave to file a dispositive motion.  Such a delay does not
25 constitute requisite diligence.  As such, defendants have failed
26 to establish good cause to amend the pretrial scheduling order.
27 /////
28 /////

6

**CONCLUSION**

For the foregoing reasons, defendants' motion to amend is DENIED.

IT IS SO ORDERED.

DATED: February 26, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE