UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,

        Plaintiffs,

   v.

LASSEN COUNTY, CALIFORNIA, et al.,

        Defendants.
_____/

NO. CIV. S-05-0909 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendants Terry Chapman and Lassen County's motion to bifurcate the liability phase of defendant Terry Chapman's trial from the liability phase of defendant Lassen County's trial.[1]  Plaintiffs oppose the motion.

---

[1] The court has previously advised the parties that the case will be bifurcated with respect to the issues of liability and damages.

Rule 42(b) of the Federal Rules of Civil Procedure provides, in relevant part:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.

"Rule 42(b) merely *allows*, but does not require a trial court to bifurcate cases." <u>Hangarter v. Provident Life & Accident Ins. Co.</u>, 373 F.3d 998, 1021 (9th Cir. 2004). Further, the district court has broad discretion in its decision whether to bifurcate claims or issues. <u>M2 Software, Inc. v. Madacy</u>, 421 F.3d 1073, 1088 (9th Cir. 2005).

The court has reviewed the submissions of the parties and the arguments raised by defendants in support of further bifurcation of the trial. The court does not find that any additional convenience or efficiency is reached by the requested bifurcation. Nor does the court conclude that such bifurcation is necessary to avoid prejudice. Therefore, defendants' motion is DENIED.[2]

IT IS SO ORDERED.

DATED: June 5, 2009.

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(n).