UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMY McCONNELL and AMY McCONNELL on behalf of her four minor children, A.B., A.B. J.M. and J.M.,

    Plaintiffs,

v.

LASSEN COUNTY, CALIFORNIA; JAMES CHAPMAN, BOB PYLE, LLOYD KEIFER, BRIAN DAHLE and JACK HANSON, BOARD OF SUPERVISORS OF LASSEN COUNTY, CALIFORNIA; MARGARET CROSBY, DIRECTOR OF CHILD PROTECTIVE SERVICES, LASSEN COUNTY, TERRY CHAPMAN, LOEL GRIFFITH and DIRECTOR OF CALIFORNIA STATE DEPARTMENT OF SOCIAL SERVICES,

    Defendants.

NO. CIV. S-05-0909 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendants' motion for attorneys' fees and costs, pursuant to 28 U.S.C. § 1927 and the court's inherent authority, for expenses incurred in relation to

a motion in limine. Plaintiffs oppose the motion. For the reasons set forth below,[1] defendants' motion is GRANTED.

## BACKGROUND

This case arises out of the removal of plaintiff Amy McConnell's four minor children from her custody and their placement in foster care, where at least one of the minor children was sexually abused. On May 10, 2005, plaintiffs filed a complaint in this court, alleging, inter alia, claims under 42 U.S.C. § 1983 for violations of their Fourteenth Amendment rights to family integrity and due process. On June 29, 2007, the court issued a Memorandum and Order, granting in part and denying in part defendants' motions for summary judgment. (Mem. & Order, filed June 29, 2007.) After a stay pending a Ninth Circuit en banc decision and various motions for reconsideration in light of that decision, the court determined there were triable issues of fact regarding plaintiffs' § 1983 claims against defendant Terry Chapman ("Chapman") and defendant Lassen County.

In support of their opposition to defendants' motion for summary judgment brought in 2007, plaintiffs attempted to offer a copy of a letter purportedly written by defendant Chapman. On its face, the document appeared to be an unqualified admission that Chapman was responsible for the purported injuries to plaintiffs. However, the court did not consider this document as plaintiffs failed to properly authenticate it or disclose its source. Further, defendants presented expert declarations from a

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(n).

2

forensic linguistics expert and a forensic document examiner, both of whom opined the copy of the letter was not authored by defendant Chapman and was not genuine.

Subsequently, in their Joint Pretrial Statement, plaintiffs included this letter as a trial exhibit, and defendants provided that they would be filing a motion in limine to exclude the document "because it is unauthenticated and a fake." (Third Am. Joint Pretrial Conference Statement [Docket #288], filed Apr. 3, 2009, at 8.) On July 21, 2009, defendants filed their motion in limine to exclude the letter and scheduled an evidentiary hearing in relation to the motion. Plaintiffs filed a written opposition to the motion.

On August 21, 2009, the court heard oral argument on defendants' motion in limine and was prepared to hear testimony from witnesses. Because plaintiffs, as the parties seeking to offer the evidence at trial, bore the burden of establishing authenticity, the court directed them to present their evidence. Plaintiffs failed to call any witnesses or present any evidence. Plaintiffs' counsel first erroneously argued that because defendants brought the motion to exclude, defendants also bore the burden of establishing that the document was not authentic. (Hr'g Tr. [Docket #302], filed Sept. 10, 2009, at 2.) Plaintiffs' counsel then submitted a proffer that if sworn to testify, Treva Hearne ("Hearne"), co-counsel for the plaintiffs, would submit evidence that she received three different copies[2] of the letter at different times. (Id. at 4-5.) In the first

---

[2] Plaintiffs counsel admitted that it did not have the original document. (Id. at 13.)

instance, the copy of the letter was received through the mail by an unidentified sender. (Id. at 6.) In the second instance, the copy of the letter was mailed by a social worker who had been terminated by Lassen County with no accompanying documents. In the third instance, Debbie Henson ("Henson"), an alleged recipient of the letter, mailed or faxed the copy of the letter to Hearne. (Id. at 8.) However, Henson testified under oath that she had never seen the document prior to 2007 when it was produced in connection with separate litigation against Lassen County. (See id. at 10-11.) As such, the court noted and plaintiffs' counsel conceded that plaintiffs did not have a knowledgeable witness that defendant Chapman signed, wrote, or sent the letter or that the alleged recipients received it. (Id. at 13-14.)[3] Subsequently, plaintiffs' counsel withdrew the letter and represented that the letter would not be used at trial for any purpose. (Id. at 17.)[4]

    Through this motion, defendants seek attorneys' fees and costs in the amount of $20,084.98 that were incurred in connection to the motion in limine and the current motion for attorneys' fees. Defendants' counsel presents evidence that

---

[3] For the first time, plaintiffs' counsel then attempted to argue that the letter would be introduced in order to demonstrate that Lassen County CPS "was so dysfunctional that these are the kinds of things [forgeries] that are occurring." (Id. at 16.) The court noted that such a theory would present admission problems pursuant to Rule 403. (Id.)

[4] Defendants subsequently solicited the testimony of Terry Chapman. Plaintiffs' counsel objected to the presentation of any evidence after it had withdrawn the letter. After plaintiffs' counsel further clarified that they would not be offering the letter for any purpose and that the letter "will not see the light of day," the court concluded the hearing. (Id. at 24-27.)

4

$11,698.50 in attorneys' fees were incurred for preparing the motion in limine, preparing witnesses for the motion in limine, and attending hearing on the motion in limine. (Decl. of Kathleen J. Williams in Supp. of Motion for Fees and Costs ("Williams Decl."), filed Sept. 15, 2009.)  Further, defendants expended $6,571.48 in expert fees and costs. (Id.)  Finally, $1,815.00 was incurred in attorneys' fees related to the motion for fees. (Id.)[5]

## ANALYSIS

Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  This section is not specific to any statute, but applies to any civil suit in federal court. Hyde v. Midland Credit Mgmt., Inc., 567 F.3d 1137, 1141 (9th Cir. 2009).  Further, the statute "explicitly provides for remedies against offending attorneys."  Id.; F.T.C. v. Alaska Land Leasing, Inc., 799 F.2d 507, 510 (9th Cir. 1986) (noting that § 1927 does not authorize recovery from a party, but "*only* from an attorney or otherwise admitted representative of a party") (emphasis in original) (internal quotations and citations omitted).

Attorneys fees under § 1927 are appropriate if an attorney's conduct is in bad faith; recklessness satisfies this standard. B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1107 (9th Cir. 2002);

---

[5] Plaintiff has objected to any and all sanctions, but has offered no analysis as to the reasonableness of defendants' computation of fees and costs.  The court nevertheless has reviewed defendants' counsel's billing rates and cost reports and finds them reasonable.

5

1  Barber v. Miller, 146 F.3d 707, 711 (9th Cir. 1998) ("An award of
2  sanctions under 28 U.S.C. § 1927 or the district court's inherent
3  authority requires a finding of recklessness or bad faith.").
4  The Ninth Circuit has also required a finding of subjective bad
5  faith, "which is present when an attorney knowingly or recklessly
6  raises a frivolous argument, or argues a meritorious claim for
7  the purpose of harassing an opponent." Id. (emphasis in
8  original) (quoting In re Keegan Mgmt. Co., Sec. Lit., 78 F.3d
9  431, 436 (9th Cir. 1996)).  Moreover, the Ninth Circuit has
10 cautioned that "[s]anctions should be reserved for the 'rare and
11 exceptional case where the action is clearly frivolous, legally
12 unreasonable or without legal foundation, or brought for an
13 improper purpose.'" Primus Auto. Fin. Servs., Inc. v. Batarse,
14 115 F.3d 644, 649 (9th Cir. 1997) (quoting Operating Eng'rs
15 Pension Trust v. A-C Co., 859 F.2d 1336, 1344 (9th Cir. 1988)).

16     The court also has the inherent power to issue sanctions in
17 order "to protect the due and orderly administration of justice
18 and maintain the authority and dignity of the court." Id. at 648
19 (internal quotations and citation omitted).  These sanctions may
20 be issued when the party has acted "in bad faith, vexatiously,
21 wantonly, or for oppressive reasons" and may take the form of
22 attorneys' fees. Id.  Before awarding such sanctions however,
23 "the court must make an explicit finding that counsel's conduct
24 'constituted or was tantamount to bad faith.'" Id. (quoting
25 Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).  A
26 finding of bad faith is supported by the same standard required
27 under § 1927. See id.
28 /////

6

1    In this case, plaintiffs' counsel's conduct was tantamount
2 to bad faith pursuant to § 1927.  As a result of the court's
3 summary judgment order, plaintiffs were on notice in June 2007
4 that the court had identified authentication problems with the
5 copy of the letter they sought to introduce.  However, plaintiffs
6 continued to proffer the copy of the letter in question,
7 including it as an exhibit in numerous drafts of the Joint
8 Pretrial Conference Statement.  Plaintiffs also knew that
9 defendants vigorously opposed introduction of the document and
10 had retained experts relating to authenticity.  Accordingly,
11 defendants filed a motion in limine and requested an evidentiary
12 hearing.  Plaintiffs' counsel filed a brief in opposition to this
13 motion.  However, despite ultimately acknowledging that they bore
14 the burden of establishing authenticity, plaintiffs failed to
15 offer any evidence or argument that supported authentication
16 under the Federal Rules of Evidence in either their briefing or
17 at the evidentiary hearing.  Importantly, plaintiffs' counsel's
18 proffer provided no basis for admission.  Yet, despite prior
19 notice of deficiencies, plaintiffs' counsel insisted upon
20 litigating the admissibility of the document without any factual
21 or legal support.  See Gomez v. Vernon, 255 F.3d 1118, 1135 (9th
22 Cir. 2001) (affirming the imposition of sanctions pursuant to §
23 1927 where counsel's conduct unreasonably resulted in a hearing
24 on the motion and a three-day evidentiary hearing on follow-on
25 sanctions); see also Serritella v. Markum, 119 F.3d 506 (7th Cir.
26 1997) (affirming sanctions under Rule 11 where counsel raised
27 issues which had previously been decided against him).
28 /////

Indeed, in its opposition to defendants' motion for attorneys' fees, plaintiffs continue to argue, yet again without citation to any legal authority, that the evidence should be admitted based upon a finding that defendant Terry Chapman is "not credible." Plaintiffs further argue that the content of the document should provide sufficient evidence of authentication; if the letter's contents are verified as true, there is sufficient evidence to believe the letter was written by Terry Chapman. Not only do plaintiffs fail to support this argument with legal authority,[6] plaintiffs mischaracterize the factual basis for this assertion. Plaintiffs assert that in his deposition, Terry Chapman testified to facts that were reflected in the copy of the letter. However, a review of the relevant deposition testimony reflects that Terry Chapman did not testify that everything in the letter was a true statement. Further, plaintiffs failed to present any evidence that the information contained in the letter was something that only Terry Chapman could have known and thus, the document must have been authored by him.

Plaintiffs' counsel also contends that until Terry Chapman was questioned about the letter, the obvious truth of its creation would not be tested.[7] However, plaintiffs' counsel did

---

[6] Further, this theory runs afoul of the principles served by authentication. In essence, it would allow the jury to consider the evidence relating to the merits prior to determining if the evidence is actually what a party purports it to be.

[7] Plaintiffs' argument also rings hollow as Terry Chapman had previously been deposed prior to the evidentiary hearing and plaintiffs failed to point to any deposition testimony to adequately support its opposition to defendants' motion in limine. The testimony cited by plaintiff merely provided that while Terry Chapman identified the signature on the letter as his own, he denied writing the letter itself. This was consistent
(continued...)

not call Terry Chapman as a witness at the evidentiary hearing. Rather, *it withdrew the letter without presenting any evidence* and prior to defense counsel's direct examination of Chapman.

Plaintiffs have never provided evidence of the origins of the letter, much less evidence, either direct or circumstantial, that the letter was in the possession of any defendants or authored by defendant Chapman.  Fed. R. Evid. 901(a).[8] Plaintiffs' counsel's adamance on pressing arguments that the court has repeatedly found deficient, regarding evidence that they have already withdrawn, is further evidence of counsel's recklessness and bad faith in pursuing the motion in limine.  See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (holding that sanctions in the form of attorneys' fees are justified in "making the prevailing party whole for expenses caused by his opponent's obstinacy").

Plaintiffs' contention that defendants' experts were unnecessary is without merit.  Plaintiffs continued to assert that the copy of the letter was admissible until after oral argument on the motion in limine and a proffer by plaintiffs'

---

[7](...continued) with defendants' expert opinions *that the signature block was cut from a separate document and pasted onto a forged letter*.

[8] Plaintiffs also argue that the court refused to allow an offer of proof based upon admission as a business record or as an admission against interest. First, the transcript does not reflect such a refusal. Second, potential applicability of exceptions to the hearsay rule does not obviate the need for proper authentication or certification. Third, as plaintiffs could present no evidence regarding the source of the copy of the letter, it is incredulous that they now speculate they could lay a proper foundation that the letter was prepared in the ordinary course of business.

counsel.[9]  Moreover, in their written opposition to defendants' motion in limine, plaintiffs also raised a <u>Daubert</u> challenge to the expert opinions, necessitating further preparation by defendants and the court.[10]  Under these facts, the court cannot find that defendants' vigorous preparation of evidence to support their arguments was either irrelevant or unnecessary.

Therefore, for the foregoing reasons, the court finds that plaintiffs' counsel's conduct in pursuing the admission of the copy of the letter after June 2007 was done in bad faith.  Plaintiffs' counsel knowingly and recklessly raised a frivolous argument, which the court had previously addressed, without providing any legal or factual support.  The court therefore imposes sanctions, pursuant to both § 1927 and the court's inherent power, against plaintiffs' counsel in the amount of $20,084.98.

IT IS SO ORDERED.

DATED: October 15, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[9]  Again, the opposition to defendants' current motion makes clear that, despite a dearth of legal or factual support, plaintiffs' counsel still believes the copy of the letter is admissible.

[10]  Plaintiffs appear to argue that because they challenged the alleged experts as presenting "junk science," they should not have to pay costs relating to their testimony.  Because plaintiffs withdrew the letter, the court had no occasion to rule on the merits of the <u>Daubert</u> challenge.  Plaintiffs' conclusion that the mere advancement of a challenge should relieve them of sanctions is meritless, particularly where they were well aware of defendants' preparations.  Further, plaintiffs' argument that expert testimony was unnecessary because it was clear to the trier of fact the documents were misaligned (and thus, likely fraudulent) is not well taken, particularly in light of their vigorous protestations that the copy of the letter is authentic.