**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMY McCONNELL, individually, and AMY McCONNELL on behalf of her four minor children, A.B., A.B., J.M., and J.M., <br><br>Plaintiffs, <br><br>v. <br><br>LASSEN COUNTY, CALIFORNIA, et. al., <br><br>Defendants. | CASE NO.: 2:05-CV-0909-FCD-DAD <br><br>ORDER GRANTING PETITION TO COMPROMISE THE CLAIMS OF THE MINOR DEFENDANTS |

The Court has reviewed the petition for compromise of the claims of the minor plaintiffs, filed herein by Petitioner Amy McConnell (the "Petitioner"), individually and on behalf of her four minor children of which she is parent and natural guardian, identified in the caption hereof as A.B. (male, born September 29, 1995); A.B. (female, born April 14, 1996); J.M. (female, born August 26, 1998); and J.M. (male, born July 31, 2002). The court has also held a hearing with regard to that petition.

Being fully advised in the premises, and good cause appearing therefore, the court finds and orders as follows:

The court is familiar with the facts of this case, which has been the subject of numerous motions and determinations by the court, and which have been set forth in the Third Amended

1

Pretrial Conference Statement (Document 288).

In sum, the case revolves around the incidents of May 5, 2003, and their aftermath. On that date, three of Amy McConnell's four children, A.B. (female: age 6 at the time), J.M. (female: age 4 at the time) and J.M. (male: age 9 months at the time) were taken to Lassen County, California Child Protective Services (CPS) after being found home alone by their grandfather. These three children and A.B. (male: age 7 at the time), were detained and placed in foster care. The plaintiffs claim that while in the County's foster care, the girls were subsequently sexually assaulted by the "foster father," Marion "Hank" Coy. Marion "Hank" Coy is currently serving prison time after having pled guilty for improper sexual acts with regard to plaintiff J.M. (female). The plaintiffs also claim that the rest of the family has been emotionally devastated and traumatized. The plaintiffs assert that all of these damages could have been avoided if Lassen County and its employees had complied with its constitutionally-mandated duties.

The Lassen County-related defendants deny liability, and have raised defenses which address issues of liability and damages, both of which have been hotly disputed in this case. Resolution of this case does not comprise an admission of liability on the part of the defendants.

The Petitioner has sought counseling for the minor children and, with the proceeds of this settlement, will seek additional and more comprehensive counseling, as well as educational and related expenses for the children. Additionally, the Petitioner wishes to assure the opportunity of higher education to these minor children for their future. The court finds that these desires and goals are legitimate, and will be accomplished through the means proposed by the Petitioner.

The proposed settlement of this case involves the placing of monies for the minor children in trust, over which a private institutional trustee, First Capital Surety & Trust Company, and not the Petitioner, shall act as trustee. The proposed settlement provides that a portion of the monies paid in settlement of this case shall be structured in such a way that annuities are purchased by

which there will be sufficient funds for the children's college educations. The children are presently 14, 13, 11, and 7 years of age, respectively. The court finds that the settlement, as proposed, adequately accomplishes the goals for which the settlement is intended.

The court finds that the resolution of this case by settlement resolution is in the best interests of the minors.

The court further finds that the terms of the settlement, attached as Exhibit 1 to the Petition for Compromise of the Minors' Claims, Document 318, are just and equitable.

Accordingly,

IT IS HEREBY ORDERED that the Terms of Proposed Settlement, attached as Exhibit 1 to the Petition for Compromise of the Minors' Claims, Document 318, should be, and the same are, approved by the court, and the parties are ordered to execute a General Release and Settlement Agreement and Dismissal within 14 days of the entry of this order;

IT IS FURTHER ORDERED that the attorneys fees and costs set forth in the Terms of Proposed Settlement, Exhibit 1 to the Petition for Compromise of the Minors' Claims, Document 318, are approved, and shall be paid in accordance with the terms of the Terms of Proposed Settlement;

IT IS FURTHER ORDERED that the proposed trusts for the minor plaintiffs, attached as Exhibits 2, 3, 4, and 5 to the Petition for Compromise of the Minors' Claims, Document 318, should be, and the same hereby are, approved by the court in the form presented to the court, with full execution to reflect the full names of the minor children, and properly dated and executed;

IT IS FURTHER ORDERED that First Capital Surety & Trust Company is approved to act as trustee over the trusts for the minor plaintiffs, and that the fee schedule, contained in Exhibit 7 to the Petition for Compromise of the Minors' Claims, Document 318, is approved by the court.

IT IS SO ORDERED this 12th day of March, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE